RUFFIN *v*. PAGE

[67 South. 648.]

APPEAL AND ERROR. *Record. Omissions. Striking from files.*

When notice is given to the stenographer as provided in Laws 1910, chapter 111, that a copy of the notes is desired, under section 1, subdivision "d," of said act so providing, no transcript of such notes shall be stricken from the record by the supreme court for any reason unless it is shown that such notes are incorrect in some material particular, and hence a transcript will not be stricken from the record because of

the omission of testimony introduced at the trial, unless it is shown that such testimony is material to the issue upon which the court will be called to pass on the appeal.

APPEAL from the circuit court of Panola county.

HON. N. A. TAYLOR, Judge.

Suit by James Ruffin against A. J. Page. From a juudgment for defendant, plaintiff appeals. Motion to strike stenographer's notes from the record.

The facts are fully stated in the opinion of the court.

*L. F. Rainwater,* for the motion.

*Shands & Montgomery.* opposed.

SMITH, C. J., delivered the opinion of the court.

This is a motion to strike the stenographer's transcript from the record, on the ground that it was filed by the stenographer after the expiration of the time within which he was empowered so to do, has "never been signed by the trial judge nor been agreed on by the parties, nor become a part of the record by operation of law," and is incorrect in a material particular. In support of the allegation that the transcript is incorrect in a material particular, an affidavit has been filed setting forth the omission of certain testimony which was introduced on the trial. It does not appear from this testimony alone that it is material to the issues upon which we will be called to pass on this appeal, and unless it does so appear the transcript cannot, under the provisions of subdivision "d," sec. 1, ch. 111, Laws 1910, be stricken from the record.

The case will therefore be remanded to the docket so that counsel for appellee, if they so desire, may point out, by brief or otherwise, wherein this evidence is material; and, when this is done, the court will examine the record and determine whether or not it is in fact material.

*Remanded.*