YOUNG v. ALEXANDER et al.

[84 South. 697, In Banc. No. 21300.]

1. APPEAL AND ERROR. *Notice to stenographer to transcribe his notes may be given thirty days after ruling on motion for new trial.*

When motion for a new trial is taken under advisement by the trial judge to be decided by him in vacation under the provisions of chapter 158, Laws of 1912 (section 570, Hemingway's Code), the notice, required by paragraph "a," chapter 111, Laws of 1910 (section 582, Hemingway's Code), to be given the official stenographer by the person desiring to appeal the case, that a copy of his notes is desired need not be given within thirty days after the adjournment of the court, but may be given within thirty days after an order entered by the trial judge in vacation, disposing of the motion for a new trial.

2. APPEAL AND ERROR. *Motion to strike stenographer's notes from record, held insufficient.*

Appellee's motion to strike stenographer's notes from the record because the transcript of the evidence had never been signed by trial judge nor been agreed upon by the parties, nor become a part of the record by operation of law, alleging that "said notes are incorrect in a material particular," not pointed out in the motion or appellee's brief, does not authorize supreme court to determine whether any defect is material, in view of Laws 1910, chapter 111, par. "d" (Hemingway's Code, section 585).

Appeal from the circuit court of Humphreys county.
Hon. H. H. Elmore, Judge.

Action between J. R. Young and H. H. Alexander and others. Judgment for the latter, and the former appeals. Appellee's Motion to strike stenographer's notes from the record overruled.

*F. E. Everett* and *N. W. Sumrall,* for appellant.

*Cashin & Murphy,* for appellees.

Smith, C. J., delivered the opinion of the court.

This cause comes on to be heard on motion of the appellee to strike the stenographer's notes from the record. The first ground of the motion is that the stenographer was not notified within thirty days of adjournment of court that a copy of his notes was desired.

The judgment appealed from was rendered at a term of the court below which terminated upon the 3d day of May, 1919. Prior to the adjournment of the court a motion for a new trial was filed by the appellant, and an order entered upon the agreement of counsel that this motion be "taken under advisement to be decided in vacation." On the 3d day of June an order was made by the circuit judge, overruling the motion. Seven days thereafter counsel for the appellant notified the stenographer in writing that a copy of his notes was desired, and a copy of this notice, together with a statement of the manner of its service, was filed with the clerk of the court.

Section 2, chapter 111, Laws of 1910 (section 582, Hemingway's Code), provides that:

"In all cases in which the evidence is noted by the official stenographer, any person desiring to appeal the case shall notify the stenographer in writing within

thirty days of the adjournment of court of the fact that a copy of the notes is desired."

At the time this statute was enacted the circuit court, or rather the judge thereof, was without power to render judgment in vacation, but chapter 158, Laws of 1912 (section 570, Hemingway's Code), provides that:

"A judge of any circuit court may deliver opinions and render, make and sign judgments in vacation, as in term time, in cases taken under advisement by him at a term of the court; and by consent of the parties, or of their attorneys of record, he may try cases in vacation, as in term time, and make and enter judgments therein in vacation. All judgments and all orders which a judge of any such court may render or make in vacation, shall be signed by him and thereupon be entered and recorded on the minute book of the court in which the case or matter is pending, and shall have the same force and effect as if made, entered and recorded in term time, and appeals may be had and taken therefrom when so entered and recorded, and bills of exception may be taken and signed in such cases when so tried in vacation, as in other cases, in like manner as is provided by law when cases are tried in term time."

Until a case is finally disposed of none of the parties thereto can determine whether or not an appeal is desired; consequently, the thirty days within which notice must be given the stenographer under the Laws of 1910 must be computed from the adjournment of the court at which the cause is finally disposed of, and when for the first time the parties thereto can determine whether or not an appeal is desired. Any doubt that might arise on this point has been cleared up by an act approved March 25, 1920, by which chapter 111, Laws of 1910, has been amended so as to provide that.—"In the event notice is given the stenographer as aforesaid and the stenographer's notes are filed pursuant to such notice, and no appeal is taken, then the party ordering said

transcript shall pay for the same at the rate of ten cents per one hundred words."

If the motion for a new trial herein had been continued until the next term of the court and then overruled, the notice to the stenographer must have been given within thirty days after the adjournment of that term. The judge of the court below passed on the motion for a new trial in vacation, as he had the right to do under chapter 158, Laws of 1912; consequently, the provision of that chapter that "bills of exception may be taken and signed in such cases when tried in vacation, as in other cases, in like manner as is provided by law when cases are tried in term time" applies here. And since the transcript of the evidence made by an official stenographer is simply one of the methods for making up a bill of exceptions, it follows that when cases are finally disposed of in vacation the notice to the stenographer that a copy of his notes is desired can be filed within thirty days after the vacation judgment is rendered.

The other grounds of the motion to strike the stenographer's notes from the record are that the transcript of the evidence has never been signed by the judge, nor been agreed on by the parties, nor become a part of the record by operation of law. Paragraph "d," chapter 111, Laws of 1910 (section 585, Hemingway's Code), provides that, where the notice required by the statute is given the stenographer, "no stenographer's transcript of his notes shall be stricken from the record by the supreme court for any reason, unless it is shown that his notes are incorrect in some material particular, and then only in cases where such notes have never been signed by the trial judge nor been agreed on by the parties nor become a part of the record by operation of law." It is alleged in the motion that "said notes are incorrect in a material particular," but what the defect in the notes consists of is not pointed out either in the motion or in the brief of counsel for the appellee, and this

must be done before the court can determine that the defect, if such in fact exists, is material. *Ruffin* v. *Page,* 109 Miss. 12, 67 So. 648.

*Overruled.*