TULLOS ET AL. *v.* BOARD OF SUP'RS OF SIMPSON COUNTY.

[86 South. 358. No. 21517.]

APPEAL AND ERROR. *When notice to official stenographer for copy of notes must be given, stated.*

When a cause is taken under advisement by the chancellor to be decided in vacation under the provisions of section 506, Code of 1906 (section 262, Hemingway's Code), the notice, required by paragraph "a," chapter 111, Laws of 1910 (section 582, Hemingway's Code), to be given the official stenographer that a copy of his notes is desired, must be given within thirty days after the vacation decree is rendered and entered on the minutes of the court.

APPEAL from chancery court of Simpson county.

HON. D. M. RUSSELL, Chancellor.

Proceedings between G. W. Tullos and others and the Board of Supervisors of Simpson County. Judgment for the latter, and the former appeals. On motion to strike transcript. Motion sustained.

*Wells, May & Sanders,* for appellants.

*Amis & Dunn* and *A. M. Edwards,* for appellee.

No brief of counsel found in the record for either side.

COOK, P. J., delivered the opinion of the court.

This cause comes on to be heard on motion of the appellee to strike the stenographer's transcript of the evidence from the record. The second ground of the motion is that the stenographer was not notified in thirty days after the rendition of the final decree that a copy of his notes was desired, and that the said notes were not filed within sixty days after the rendition of such decree.

At the regular November term of the chancery court of Simpson county, this cause was heard upon the pleadings, exhibits, and proof, and the evidence was taken down by the official stenographer. Upon the conclusion of the

hearing the chancellor entered a decree, taking the cause under advisement, to be decided in vacation, as authorized by section 506, Code of 1906 (section 262, Hemingway's Code). On December 6, 1919, a final decree was rendered and entered on the minutes of the court, and on the 16th day of December an appeal bond was filed and approved. On January 29, 1920, notice was given to the stenographer to file his transcript of the evidence, and the transcript was filed on April 15, 1920.

Section 506, Code of 1906 (section 262, Hemingway's Code), provides that:

"A chancellor may deliver opinions and make and sign decrees in vacation in causes taken under advisement by him at a term of the court; and by consent of the parties or of their solicitors of record, he may try causes and deliver opinions and make and sign decrees therein in vacation. Such decrees and all other orders and decrees which a chancellor may make in vacation shall be entered and recorded on the minute book of the court in which the cause or matter is pending, and shall have the same force and effect as if made, entered and recorded in term time, and appeals may be had therefrom as in other cases."

Chapter 158, Laws of 1912 (section 570, Hemingway's Code), confers upon circuit judges similar powers to render, make, and sign judgments in vacation in cases taken under advisement at a term of court, and provides for appeals from vacation judgments. The language of these two sections—the one applicable to chancery courts and the other to circuit courts—is very similar, and the method and procedure provided for appeals are substantially the same. At the time this appeal was taken, chapter 111, Laws of 1910 (section 582, Hemingway's Code), was in force, and section "a" of this act provides:

"In all cases in which the evidence is noted by the official stenographer, any person desiring to appeal the case shall notify the stenographer in writing within thirty days of the adjournment of court of the fact that a copy of the notes is desired."

This section applies to all cases tried either in the chancery or circuit courts in which the evidence is noted by the official stenographer, and in the case of *Young* v. *Alexander*, 84 So. 697, this court held that on appeal from a vacation judgment of the circuit judge the date of the rendition of the vacation judgment marks the beginning of the thirty days allowed to notify the stenographer to file his notes. In *Young* v. *Alexander, supra,* the court says:

"Until a case is finally disposed of none of the parties thereto can determine whether or not an appeal is desired;" and, "when cases are finally disposed of in vacation notice to the stenographer that a copy of his notes is desired can be filed within thirty days after the vacation judgment is rendered."

The same rule as announced in the *Alexander Case, supra,* will apply in appeals from the chancery courts, and therefore in appeals from vacation decrees of the chancellor the notice to the stenographer that a copy of his notes is desired must be given within thirty days after the vacation decree is rendered and entered on the minutes of the court. The motion is therefore sustained.

*Sustained.*