PHILLIPS v. CANON.

[92 South. 157, No. 22828.]

APPEAL AND ERROR. *No transcript of notes will be stricken from record unless shown incorrect in some particular pointed out.*

When proper notice is given to the stenographer as provided for by chapter 145, Laws of 1920, that a copy of the notes is desired, no transcript of such notes will be stricken from the record by the Supreme Court, for any reason, unless it be shown that such notes are

incorrect in some material particular, and this material omission must be pointed out by the movant.

APPEAL from chancery court of Carroll county.

HON. T. P. GUYTON, Chancellor.

Action between J. E. Phillips and W. A. Canon, and from a judgment or order therein the former appeals. On motion to strike from transcript the stenographer's notes of the testimony. Remanded to the docket and continued.

*Monroe McClurg* and *A. J. Coleman,* for appellant.

*F. M. Glass,* for appellee.

SYKES, P. J., delivered the opinion of the court.

The appellee moves to strike from the transcript the stenographer's notes of the testimony. As reasons therefor he assigns. First, that the stenographer failed to give counsel for appellee notice of the filing of the notes with the clerk; second, that counsel for appellee received no notice of the filing of these notes with the clerk until after the record had been forwarded to the clerk of the supreme court; third, because the notes are grossly incorrect and do not state the evidence of the witnesses correctly.

Chapter 145, Laws of 1920, amending previous laws relating to the filing of stenographer's notes and their becoming a part of the record in the case, section 797 (d) thereof provides that when notice is given to the stenographer by the appellant or his counsel within ten days after the conclusion of the term of court, no stenographer's transcript of his notes shall be stricken from the record by the supreme court, for any reason, unless it be shown that such notes are incorrect in some material particular, and then only in cases where such notes have never been signed by the trial judge, nor been agreed on by the parties, nor become a part of the record as provided by this act.

129 Miss.—42

In this case the stenographer's notes have never become a part of this record in accordance with the term of this act. If these notes are therefore "incorrect in some material particular," they will be stricken from the record. The motion and supporting affidavits in this case, however, do not point out with sufficient particularity that the omitted part of the testimony taken by the stenographer is material to the issue. The motion and affidavits should point out with particularity the testimony alleged to have been omitted and its materiality to the issues involved in the case in order that the court may be fully advised in the matter. *Ruffin* v. *Page*, 109 Miss. 12, 67 So. 648.

The case will therefore be remanded to the docket, and be continued with leave to counsel for appellee to point out by brief or otherwise the evidence omitted from the record and its materiality to the issues involved. Leave will be granted counsel for appellant to reply to brief and affidavits filed by counsel for appellee.

*Remanded to the docket and continued.*