MISSISSIPPI CENTRAL R. R. COMPANY *v.* CHAMBERS.

[60 South. 562.]

1. APPEAL AND ERROR. *Striking out record. Authentication of record. Code 1906, section 797, par. D. Laws 1910, chapter 111.*

The only purpose of Code 1906, section 797, Par. D., as amended by. Laws 1910, chapter 111, was to limit the power of the supreme court to strike a transcript of the stenographer's notes from the record, when such transcript does not appear to be incorrect in some material particular. The supreme court, following the spirit of the law, will refuse to strike such transcript from the record for any reason, when it is not shown to be incorrect in some particular, unless to refuse so to do would be manifestly unjust to a party affected thereby and this too where the record fails to show any notice to the stenographer.

2. APPEAL AND ERROR. *Record. Authorization. Rule 2, supreme court rules.*

Under rule 2 of the supreme court it is unnecessary for a clerk, in making up a transcript for that court, to include therein copies of the endorsement "filed," etc., placed by him on any papers and records at the time they are deposited with him.

3. SAME.

Where the clerk has certified that the transcript made by him is "a true and correct transcript of the record and papers, etc., in the case," it will be presumed that everything therein contained has become regularly a part of the record, until the contrary is shown.

APPEAL from the circuit court of Lamar county.

HON. A. E. WEATHERSBY, Judge.

Suit between the Mississippi Central Railroad Company and J. F. Chambers. From a judgment for plaintiff, the defendant appeals.

The facts are fully stated in the opinion of the court.

*J. T. Garraway* and *Thompson,* attorneys for the appellee.

The appellee has moved the court to strike from the transcript that part of it which purports to be the steno-

grapher's notes or report of the testimony, that part which purports to be a notice to the stenographer to write out his notes, with the certificate thereto of mailing, and that part of it which purports to be an order made by the judge in vacation extending the time for the stenographer to file his notes or report of the testimony.

We submit that the motion ought to be sustained, notwithstanding the sweeping provision of the section, numbered 797 of Acts of 1910, Laws of Mississippi 1910, page 93. The section reads this way:

"Provided notice is given to the stenographer by the appellant or his counsel within thirty days after the conclusion of the term of court no testimony or transcript of his notes shall be stricken from the record by the supreme court for any reason unless it be shown that such notes are incorrect in some material particular, and then only in cases where such notes have never been singed by the trial judge, nor been agreed on by the parties, nor become a part of the record by operation of law."

In this case there is nothing to show that the notice was given to the stenographer by the appellant, or its counsel, within thirty days after the conclusion of the term of court. The pretended notice has never been filed or made a part of the record in any way. The stenographer never acknowledged receipt of the pretended notice, and the certificate thereto was made by a person, one J. I. Thompson, whose connection with this case in no way appears. Thompson, however, certified, and his certificate is wholly unofficial, only that he personally mailed "this notice" to W. W. Newsom at his usual place of abode. The certificate does not even show when "this notice" was mailed, nor that the postage was prepaid thereon, nor that Newsom's usual place of abode was a post office, nor is it shown how, after mailing it, Thompson obtained the possession of it to indorse his certificate thereon. His certificate is not dated, and if it were indorsed on the original notice, presumably sent to the

103 Miss. 26

stenographer, it did not become a part of the record when it reached the stenographer's hands.

That part of the record which purports to be the stenographer's notes or report of the testimony was never filed in the court below. The stenographer's certificate bears the caption "State of Mississippi, County of Lamar," but it fixes the venue of the case wherein the testimony was taken as in the circuit court of Lawrence county, and in no way shows that the report of the testimony certified was the testimony taken in the present case, appealed from the circuit court of Lamar County. The stenographer's notes or report have never been agreed to by counsel and never approved or signed by the trial judge. We, therefore, have these facts.

The pretended notice to the stenographer is not shown to have been received by the stenographer within thirty days after the end of the term of court at which the case was tried. The pretended certificate does not certify that the notice was given, but only that it was mailed. It does not show the postage was paid on it; does not show where it was mailed; does not show when it was mailed, and does not show that it was directed to the post office of the stenographer. It was never filed in court and the stenographer's certificate refers his report or notes to a case in the circuit court of Lawrence county, and not to this one which was tried in the circuit court of Lamar county; and the stenographer's certificate was not made until March 18, 1912, one hundred and four days after the trial of this case and after the motion for a new trial had been overruled, and more than ninety days after the adjournment of the trial court. Laws of 1910, p. 89, shows the beginning of the term of the circuit court of Lamar county and the length of time it could remain in session.

The pretended order made by the judge was wholly unofficial. The Laws of 1910, Chapter 111, section 797 provides:

"If the stenographer finds that he will not be able to complete his transcript of the notes of any case within the time prescribed by law (sixty days), he may appeal to the circuit judge for an extension of time, not to exceed sixty days additional time, as the judge may deem consistent with justice."

There is nothing in the transcript to show that the stenographer found himself unable to complete his transcript of the notes within the time prescribed by law; nothing to show that he applied to the circuit judge for an extension of time, and nothing to show when the pretended extension of time was granted by the judge; and we may assume, therefore, that it was granted after the expiration of the sixty days. The pretended order of the judge was never made of record in the court below. The paper upon which it was written was never filed in that court.

For these reasons, which need no further elaboration, we submit that the motion should be sustained.

SMITH, C. J., delivered the opinion of the court.

Appellee has filed a motion requesting us to strike the transcript of the stenographer's notes from the record for several alleged reasons. The motion contains no allegation that this transcript is incorrect in any particular. According to counsel for appellee, it does not appear that notice was given to the stenographer to transcribe the notes of the evidence taken by him at the trial, and he contends, consequently, that the motion does not come within the provisions of paragraph "d" of section 797 of the Code of 1906, as amended by chapter 111 of the Laws of 1910, page 94, which is as follows: "Provided notice is given to the stenographer by the appellant or his counsel within thirty days after the conclusion of the term of court no testimony or transcript of his notes shall be stricken from the record by the supreme court for any reason unless it be shown that such notes are incorrect in

some particular, and then only in cases where such notes have never been signed by the trial judge, nor been agreed on by the parties, nor become a part of the record by operation of law."

The only purpose of this statute was to limit the power of this court to strike a transcript of the stenographer's notes from the record, when such transcript does not appear to be incorrect in some material particular. Carrying out the spirit of this statute, we will not simply obey the strict letter thereof, but will refuse to strike such a transcript from the record for *any reason*, when it is not shown to be incorrect in some material particular, unless to refuse so to do would be manifestly unjust to a party affected thereby. If the transcript of the notes is correct, it is immaterial how the stenographer came to make it; and it is difficult to conceive how any party could have any just ground of complaint because it is, if correct, incorporated in the record. The main purpose of the restrictions thrown around the making of the transcript of the stenographer's notes a part of the record is to insure the correctness thereof, and when, as filed, a transcript is correct, the desired end has been reached. The only provision made by chapter 111 of the Laws of 1910 for keeping a record of the notice served on the stenographer to transcribe his notes is that a copy of such notice shall be filed with the clerk, and the fact that papers are frequently lost from the files of a cause admonishes us to pause before holding that a correct transcript must be stricken from the record because it does not appear that this notice was given.

But it is said by counsel that it does not appear that this transcript was ever filed in the court below. An examination of the record discloses that it contains no copy of an indorsement by the clerk on this transcript that it was, in fact, filed; but it is wholly unnecessary for this fact to be disclosed by the record. Under rule 2 of this court (59 South. VII), it is unnecessary for a clerk,

in making up a transcript for this court, to include therein copies of the indorsement, "Filed," etc., placed by him on any papers and records at the time they are deposited with him. Where, as here, the clerk has certified that the transcript made by him is "a true and correct transcript of the record and papers," etc., in the case, it will be presumed that everything therein contained has become regularly a part of the record, until the contrary is made to appear.

*Overruled.*