# RICHMOND *v.* ENOCHS.

[67 South. 649.]

1. BILL OF EXCEPTIONS *Compliance with statute. Appeal and error. Motion to strike stenographer's transcript. Exhibits.*

   Bills of exceptions were unknown to the common law, are founded wholly upon statute, and can be made up only within the time and in the manner and place provided by statute.

2. APPEAL AND ERROR. *Bill of exceptions. Motion to strike stenographer's transcript.*

   Under Laws 1910, chapter 111, section 797, subdivision "a." providing that in all cases where the evidence is taken by the official stenographer, any person in order to appeal his case shall notify the stenographer, within thirty days of the adjournment of court, of the fact that a copy of the notes is desired, and under subdivision "d" providing that, if notice is given as above provided, no stenographer's transcript shall be stricken by the supreme court unless such notes are incorrect in some material particular, and then only in cases where such notes had never been signed by the trial judge, agreed on by the parties, or become part of the record by operation of law, where the term of the court at which the judgment appealed from was rendered, ended on March 29, 1913, and the stenographer received notice to transcribe his notes on May 27, 1913, the bill of exception is a nullity and must be stricken from the record, whether or not "incorrect in some material particular."

3. APPEAL AND ERROR. *Exhibit to stenographer's notes.*

   Where in a suit for libel, a copy of the newspaper containing the libel was introduced in evidence, but was not marked as an exhibit and referred to by the stenographer in his notes as required by Code 1906, section 1790, a motion to strike from the record the bill of exceptions should be sustained, although the alleged libel was made an exhibit to the pleadings and so a part of the record; no cross-references were made therto by the stenographer, as required by rule 2 of the supreme court.

APPEAL from the circuit court of Hinds county.

HON. W. A. HENRY, Judge.

Suit by John L. Richmond against I. C. Enochs. Judgement for defendant and plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Green & Green,* for the motion.

Bills of exception were unknown at common law, and are founded on the statute of Westminster 11. *V. & M. R. R. Co.* v. *Ragsdale,* 51 Miss. 447; *Van Buren* v. *State,* 24 Miss. 512, 514. (b.) If the manner or time of taking and signing bills of exception is not authorized by statute the bill of exceptions is a nullity. *Allen* v. *Levy,* 59 Miss. 613; *Albrecht* v. *State,* 62 Miss. 523. (c) The purpose of a bill of exceptions is to bring into the record as part of it matters occurring during the progress of the cause, not a part of the record proper. *V. & M. R. R. Co.* v. *Ragsdale,* 51 Miss. 451, *supra.*

"Those matters which occur during the trial in the presence of the court, and which are not otherwise of record, can only be made part of the record by means of a bill of exceptions, made up in one of the methods authorized by law." *Brumfield* v. *State,* 102, Miss. 615, 616. (d) The act of making a bill of exceptions at a time beyond the time limit named in the statute makes the bill of exceptions void or a nullity. *Allen* v. *Levy,* 59 Miss. 613, *supra; Albrecht* v. *State,* 62 Miss. 523; 3 Ency. Pl. & Pr., page 459. (e) The powers of the stenographer and of the judge are based solely upon and limited by the statute. Id. *supra; Chenault* v. *Adams Machine Co.,* 97 Miss. 487; The limitation of time is mandatory. Id. *supra; Box* v. *So. Ry. Co.,* 64 So. (Ala.) 70. (f). In *Evans* v. *Ham,* 98 Miss. 731, the notice to the stenographer was given by appellant, within the thirty days under section 797 (a) Laws 1910, p. 93, and without showing that the notes were "incorrect in a material particular," a motion to strike out was made; because (1) of the failure to deliver the notes to attorney for appellee, and (2) the notes were not delivered to the attorney for appellee until more than thirty days after filing in the clerk's office;

and the court held that as the notice required by section 797 (d) had been given to the stenographer, that the notes could not be stricken out unless the notes are "incorrect in some material particulars. See, also, *Stevens* v. *Durlap*, 66 So. (Miss.) 160.

This case emphasizes the statutory requirement that the notice to the stenographer must be given, and that the giving of this notice, within the time required by law, will make effective the legislative exemption of the notes from being stricken out, unless they are incorrect in some material particular. To the same effect is *Lumber Mineral Company* v. *King*, 98 Miss. 733. See Laws 1910, p. 94, section 797d; *Evans* v. *Ham* (opinion this term), 54 So. 250.''

In the case at bar (1) the notice to the stenographer to write up the notes was not given in writing, within thirty days; and (2) the notes are shown to be incorrect in divers material particulars. (g). The provisions of the statute as to all of the steps necessary to create a bill of exceptions "by operation of law" must be complied with, as they are mandatory and confer special statutory powers, which are construed, in execution, most strongly against the appellant, who must show that the statute has been complied with. *Hamlin* v. *Budge*, 47 So. (Fla.) 825; *Turner* v. *Spragins*, 55 So. (Ala.) 118; except that if the notice required is given to the stenographer within thirty days, then the performance of this condition relieves from penalty for the failure of the officers or appellant's counsel to comply with the statute, and except where the notes are incorrect in some material particular. If the requisite notice is not given the stenographer, then all of the provisions of the statute are mandatory and must be complied with to make a valid bill of exceptions. The sole condition of exception from strict performance is the notice to the stenographer to write out the notes. *Railroad Company* v. *Chambers*, 103 Miss. 400.

The case as reported in 103 Miss. 400, does not contain any brief for the motion, and the brief *contra* did not bring to the court's attention any of the decisions of this state construing the statutes or bills of exception.

Remembering that the right to make bills of exception is ministerial and not judicial (*Van Buren* v. *State*, 24 Miss. 514, 5; *V. & M. R. R. Co.* v. *Ragsdale*, 51 Miss. 451, *supra*); and that they are only parts of the record as authorized by the statute (they did not exist at common law—*V. & M. R. R. Co.* v. *Ragsdale*, 51 Miss. 451, *supra*; *Van Buren* v. *State*, 24 Miss. *supra*), and that being in derogation of the common law, such statutes are strictly construed (*Dibrell* v. *Dandridge*, 51 Miss. 55; *Adams* v. *Bank*, 103 Miss. 744, 751; *Hamlin* v. *Budge*, 47 So. (Fla.) 825, *supra*), and that the statute, section 797 (d) expressly provides the condition upon which the power of this court to strike out is limited viz.: "Provided notice as above is given to the stenographer by the appellant or his counsel within thirty days after the conclusion of the term of court," with deference, we submit, where in *Railroad* v. *Chambers*, 103 Miss. 404, the court held that if the notice was not given to the stenographer, that the court would "refuse to strike such a transcript from the record for any reason, unless it was shown that the transcript was incorrect in some material particular," that this was not a correct interpretation of the statute.

This rule is that applicable to the record of a court of general appellate jurisdiction in finding no reversible error because the right result was reached, but does not apply to a statutory ministerial proceeding conferring power in a prescribed manner to do a certain thing. The statute must be complied with strictly or the power does not exist and the act done in violation of the statute is null. This ruling has made the statute read: "The supreme court will not strike out the stenographer's notes for any reason whatever, unless it be

shown that they are incorrect in some material particular.''

It is manifest that the legislature in providing a statutory scheme for the ministerial proceeding for taking bills of exception meant something when it provided: ''any person desiring to appeal the case shall notify the stenographer in writing within thirty days of the adjournment of court of the fact that a copy of the notes is desired.'' This notice must be handed to the stenographer personally or mailed to him at the usual place of abode. In either case the attorney making the request shall file with the clerk of the court a copy of the notice with a statement as to how the notice was served.'' Strict compliance with statute necessary. *Stevens* v. *Durlap,* 66 So. (Miss.) 159. Cases *supra.* This is mandatory upon the appellant or his counsel.

Note its particularity to insure the notice and a service of the notice. It materially amends section 797, Code of 1906, in that, section 797, did not require this notice to the stenographer, but it was the stenographer's duty upon demand, wihout limit of time for it or any specification of its character, under section 4790, Code 1906, to make up notes.

Under section 797, Code 1906, the right of appellant to secure a bill of exceptions rested entirely upon the performance by the stenographer of his duty to transcribe his notes, and, also, if transcribed, upon the action of the clerk in uotifying the attorneys of the filing. Thus the right of appellant to his bill of exceptions was left to the strict performance of the stenographer and of the clerk of the duties imposed, and if not performed strictly, the appellant lost his right of appeal and was without remedy.

*Robertson & Bratton,* against the motion.

SMITH, C. J., delivered the opinion of the court.

This is a motion by appellee to strike the stenographer's transcript from the record. The several grounds of the motion may be reduced to two: First, no notice was given the stenographer to transcribe and file his notes of the evidence, as provided by paragraph "a" of section 797, ch. 111, Laws 1910; second, that the transcript has "never been signed by the trial judge, nor been agreed on by the parties, nor become a part of the record by operation of law," and is incorrect in a material particular.

The term of the court at which the judgment appealed from was rendered ended on March 29, 1913. Notice to transcribe his notes of the evidence was given the stenographer on May 27th thereafter. On June 16th the stenographer delivered to counsel for appellant a transcript of the evidence, and he in turn immediately delivered it to counsel for appellee, with the request that they examine and correct it. This they declined to do, but returned it to counsel for appellant, who thereupon filed it with the circuit clerk. It was not approved by, and seems never to have been tendered to, the circuit judge.

Subdivision "a" of section 797, ch. 111, Laws 1910, is as follows:

"In all cases in which the evidence is noted by the official stenographer, any person desiring to appeal the case shall notify the stenographer in writing within thirty days of the adjournment of court of the fact that a copy of the notes is desired. This notice must be handed to the stenographer personally, or mailed to him at his usual place of abode. In either case the attorney making the request shall file with the clerk of the court a copy of the notice with a statement as to how the notice was served. Upon receipt of such notice it shall be the duty of the stenographer to transcribe his notes within sixty days of the date of such notice."

And subdivision "d" thereof is as follows:

"Provided notice as above is given to the stenographer by the appellant or his counsel within thirty days after the conclusion of the term of court, no stenographer's transcript of his notes shall be stricken from the record by the supreme court, for any reason, unless it be shown that such notes are incorrect in some material particular, and then only in cases where such notes have never been signed by the trial judge, nor been agreed on by the parties, nor become a part of the record by operation of law."

Bills of exceptions, by which matters occurring on the trial and not otherwise of record are preserved and and made a part of the record, were unknown to the common law, are founded wholly upon statutes, and can be made up only within the time and in the manner and place provided in the statutes. The settling of a bill of exceptions is not a judicial but a ministerial act; and the power of the court below so to do, as well as the power of this court in determining whether or not a record which purports to be a bill of exceptions is such in fact, is measured by the statute providing therefor. *Van Buren* v. *State,* 24 Miss. 512; *Railroad Co.* v. *Ragsdale,* 51 Miss. 447; *Allen* v. *Levy,* 59 Miss. 613; *Albrecht* v. *State,* 62 Miss. 516; *Chenault* v. *Adams Machine Co.,* 97 Miss. 487, 52 So. 189.

In the absence of subdivision "d" of section 797, ch. 111, Laws of 1910, a bill of exceptions or stenographer's transcript of the evidence not made up and dealt with in the manner provided by that statute would be a nullity, and would be stricken from the record upon request of the opposing party. The only instance in which the statute provides that a bill of exceptions or transcript of the evidence not made up in the manner pointed out therein shall be treated as a part of the record is when it is made up pursuant to notice "given to the stenographer by the appellant or his counsel within thirty

days after the conclusion of the term of court," and is not "incorrect in some material particular." Since this notice was not given in the case at bar, it necessarily follows that the bill of exceptions is a nullity, and must be stricken from the record, without reference to whether or not it is "incorrect in some material particular."

In *Railroad Co.* v. *Chambers,* 103 Miss. 400, 60 So. 562, we declined to strike a transcript of the evidence from the record, although no notice had been given the stenographer to transcribe and file his notes, and in the course of the opinion it was said that:

"Carrying out the spirit of this statute, we will not simply obey the strict letter thereof, but will refuse to strike such a transcript from the record for any reason, when it is not shown to be incorrect in some material particular, unless to refuse so to do would be manifestly unjust to a party affected thereby. If the transcript of the notes is correct, it is immaterial how the stenographer. came to make it; and it is difficult to conceive how any party could have any just ground of complaint. because it is, if correct, incorporated in the record."

This, counsel for appellee very properly say, substitutes the rule of justice for the rule provided by the statute, and so to do is not within the power which rightfully belongs to this court. We, of course, are supposed to administer justice, but only in accordance with law. In order that that case may no longer mislead, it is hereby expressly overruled.

The motion must also be sustained upon the second ground. The suit was instituted in order to recover damages for the alleged publication by the defendant of a libel upon the plaintiff. At the close of the plaintiff's evidence it was excluded by the court, and a peremptory instruction given to find for the defendant. The alleged libel was published in the Clarion-Ledger, a newspaper published in the city of Jackson. A copy

of this paper containing it was introduced in evidence, but was not marked as an exhibit by the stenographer and reference made to it in his notes, as required by section 4790 of the Code, so that it could be identified and copied by the clerk into the record, and therefore cannot now be made a part thereof.

It was stated at the bar by counsel for appellant that this alleged libel was made an exhibit to the pleadings, appears more than once in the record, and therefore it was unnecessary for the clerk to again copy it into the record in this connection. All of this may be true, and under rule 2 an exhibit to the pleadings and evidence need not be copied into the record but once, when proper cross-references are made thereto by the clerk; but such cross-references do not appear here, and in fact cannot be made, in the absence of an identification by the stenographer of the paper containing the alleged libel.

*Motion sustained.*