## LEE LINE STEAMERS *v.* AMERICAN EXPORT COMPANY.

### [68 South. 771.]

APPEAL AND ERROR. *Motion to strike stenographer's notes. Evidence.*

Under Code 1906, section 797 (a), as amended by Laws 1910, chapter 111, providing that within thirty days after the adjournment of court, an appellant shall notify the stenographer that a copy of the notes is desired, where a transcript was filed in the court below three months after the adjournment of the term at which judgment appealed from was rendered and the clerk of the trial court certified that he could not find any notice to the stenographer to transcribe his notes and the stenographer filed an affidavit that he had failed to find such notice, but that he was sure that he would not have transcribed the notes and filed them, unless he had been notified by attorneys of appellant to do so. Such proof was not sufficient to show that notice had been given the stenographer within thirty days after the adjournment of court to transcribe and file his notes and such transcript on motion by appellee will be striken from the record.

APPEAL from the circuit court of Warren county.

HON. H. C. MOUNGER, Judge.

Suit by Lee Line Steamers against American Export Company. From a judgment for defendant, plaintiff appeals. Motion to strike stenographer's notes from the record sustained.

The facts are fully stated in the opinion of the court.

*Henry & Canizaro* and *George Butler,* for the motion.

*Wells, May & Sanders,* opposed.

SMITH, C. J., delivered the opinion of the court.

This is a motion to strike the stenographer's transcript from the record for the reason that no notice was given him to transcribe and file his notes of the evidence, as provided by paragraph "a" of section 797, added to Code by chapter 111, Laws of 1910.

The transcript was filed in the court below about three months after the adjournment of the term of court at

which the judgment was rendered. The clerk of the court below certifies that, after diligent search and inquiry, he has failed to find on file in his office any notice to the stenographer to transcribe his notes. Two affidavits made by the stenographer appear in the record, one of which recites that:

"At the request of said attorneys for appellee, I have made diligent search for a written notice, if any was served on me by the attorneys for the appellant, to prepare the record for the purpose of appeal, and I have failed to find such a notice. As far as I know, no notice was given me by the attorneys for appellant to transcribe the record for the purpose of an appeal or within the time specified by the law. That no extension of time to prepare the record was granted me by Hon. H. C. Mounger, presiding judge in said cause, and no extension of time was requested by any one, as far as I know."

And the other recites that:

"While I have no record of any notice given me, I am sure that I would not have transcribed these notes and filed them with the clerk unless I had been so notified or requested by the attorneys for the appellant to do so."

This evidence is insufficient to prove that written notice was given the stenographer within thirty days after the adjournment of the term of court at which the judgment was rendered to transcribe and file his notes, and that such notice was filed with the clerk; and we cannot presume, as counsel for appellant request us to do, that this notice was in fact given and filed for the reason, as we must also presume, that, unless the law in this respect had been complied with, the stenographer would not have transcribed and filed his notes. The case, therefore, is ruled by *Richmond* v. *Enochs,* 67 So. 649.

*Motion sustained.*