### DUNN *v.* GREEN.

[86 South. 852, No. 21685.]

1. APPEAL AND ERROR. *Certiorari does not lie to bring up transcript made under void notice; transcript of evidence by stenographer pursuant to void notice a nullity.*

   A transcript of the evidence, made by a stenographer pursuant to a void notice so to do, is a nullity, and a writ of *certiorari* will not be issued by the supreme court to bring such a transcript to it from the court below.

2. APPEAL AND ERROR. *Method of computing statutory time for serving notice on stenographer to transcribe notes stated.*

   The ten days within which chapter 145, Laws 1920, requires notice to be served on a stenographer to transcribe his notes of the evidence, must be computed from the adjournment of the court, and not from the expiration of the time allowed by law for holding the term.

Proceeding between C. K. Dunn and T. K. Green. Judg-
ment for the latter, and the former applies for a writ of
*certiorari.* Motion overruled.

*Crisler & Crisler,* for appellant.

*Robert B. Mayes* and *Clayton D. Potter,* for appellee.

No brief found in the record for counsel of either side.

. SMITH, C. J., delivered the opinion of the court.

The appellant suggests that the record in this case is
incomplete, in that it does not contain the transcript of
the evidence on which the case was tried, and requests a
writ of *certiorari,* directing the clerk of the court below
to send up the transcript of the evidence. .

The court below adjourned before the expiration of the
time allowed by law for the term. The notice to tran-
scribe his notes of the evidence was served on the stenog-
rapher more than ten days after the adjournment of the
court, but within ten days after the expiration of the time
allowed by the law for the term.

Section 1, chapter 145, Laws of 1920, requires the no-
tice on a stenographer to transcribe his notes of the evi-
dence to be given "within ten days after the adjournment
of the court," and, unless such notice is given the stenog-
rapher within the time required by statute, a transcript
made by him pursuant to such a notice is a nullity. *Rich-
mond* v. *Enochs,* 109 Miss. 14, 67 So. 649.

The contention of the appellant is that the provision of
the statute requiring a notice to be served on the stenog-
rapher "within ten days after the adjournment of court"
means ten days after the expiration of the time allowed
by law for the holding of the court. But we cannot so
hold, for the statute in plain and unambiguous language
expressly provides that the notice must be served "within

· ten days after the adjournment of court," and not within ten days after the expiration of the time allowed .by law for holding the court.

*Motion overruled.*