## ARMOUR & CO. *v.* STRAHAN.

### [93 South. 364, No. 22747.]

APPEAL AND ERROR. *Notice to stenographer to transcribe evidence must be given or mailed to him where he resides or does his work; "usual place of abode."*

Under section 582, Hemingway's Supp. (chapter 145, Laws 1920), the written notice to the stenographer to transcribe his evidence must be given within ten days from the end of the term of court, and the notice must be delivered in person, or written notice must be mailed to him at "his usual place of abode," which means mailed to him at his post office address, where he usually resides or maintains his office or does his work. It is not sufficient to mail the notice to him at a place where a session of court is being held at which he may be performing his duties, but contemplates one's fixed place of residence.

APPEAL from circuit court of Pearl River county.

HON. G. WOOD MAGEE, Special Judge.

Action by Mrs. W. A. Strahan against Armour & Co. Judgment for plaintiff, and defendant appeals. On motion to strike the stenographer's notes from the record. Motion sustained.

*Green & Green, T. C. Hannah, W. C. Kirk* and *James C. Spencer,* for appellant.

*Parker & Shivers,* for appellee.

ETHRIDGE, J., delivered the opinion of the court.

The appellee recovered judgment against the appellant at a special term of the circuit court. The special term began on the 31st day of October, 1921, and adjourned on the 4th day of November, 1921, the case being tried on the 1st day of November. The attorney for the appellant in the court below makes affidavit that he wrote a letter to the stenographer, directed to him at Poplarville, Miss., where a term of court was being held, and the stenogra-

pher being the official stenographer for the said court, directing him to transcribe his notes within the time fixed by law for the purpose of appeal, and that he mailed a copy of said notice to both the stenographer and to the circuit clerk, each directed to Poplarville, the county site of the county in which the judgment was recovered. The appellee moves to strike the stenographer's notes from the record because the notice to the stenographer was not made in accordance with chapter 145, Laws of 1920. The said notice to the stenographer was not delivered personally, nor was a written notice mailed to him at his usual place of abode. The motion was accompanied by an affidavit from the stenographer that his usual place of abode was then and had been for the past two years at Columbia, Miss., and that he did not receive the notice to transcribe his notes addressed to him at Poplarville, Miss., and that he received no notice that said notes were desired until the 28th day of November, when the attorney for the appellant had a conversation with him, in which he stated that he had mailed such notice. The stenographer informed the attorney that he had not received such notice, and on the 29th day of November the attorney addressed the stenographer another notice to transcribe the notes, reciting in that notice the giving and the substance of the former notice, whereupon the stenographer transcribed the notes and filed same. The clerk of the circuit court makes affidavit that he never received a copy of the notice of the 5th or 6th day of November.

There is no proof in the record that the stenographer's usual place of abode was at Poplarville, Miss. It is contended, however, by the appellant that, inasmuch as the regular term of the circuit court was being held at Poplarville at the time of the giving of the notice, this was his usual place of abode within the meaning of the statute upon that subject. The statute (chapter 145, Laws 1920; Hemingway Sup. section 582) reads as follows:

"In all cases in which the evidence is noted by the official stenographer, any person desiring to appeal the case

shall notify the stenographer in writing within ten days after the adjournment of court of the fact that a copy of the notes is desired. The notice must be handed to the stenographer personally, or mailed to him at his usual place of abode. In either case the attorney making the request shall file with the clerk of the court a copy of the notice with a statement as to how the notice was served."

The appellee relies upon *Richmond* v. *Enochs*, 109 Miss. 14, 67 So. 649; *Lee Line Steamers* v. *American Export Co.*, 109 Miss. 524, 68 So. 771; *White* v. *Board of Supervisors*, 121 Miss. 434, 83 So. 611; and *Dunn* v. *Green*, 124 Miss. 602, 86 So. 852.

In the first of these cases the court held that a compliance with the statute was necessary to make the stenographic notes a part of the record, and overruled a former case mentioned in said opinion, which had held that notes would not be stricken out if they were correct. Each of the cases cited above held to this doctrine; the last one being a construction of the law under review here (chapter 145, Laws 1920). The appellee, however, insists that, inasmuch as the official stenographer was required to attend circuit court, and the court was then being held at Poplarville, this constituted Poplarville the usual place of abode of the stenographer at that time, and cites 1 Corpus Juris, 305, in support of this contention. The word "abode" is defined in that work as "one's fixed place of residence for the time being, the place where a person dwells." The phrase "usual place of abode" carries with it the idea that it is the place where a person usually lives or works, where he may usually be found. It is true that the last place of abode may be the usual place where the former places of abode have been abandoned or changed. The statute carries the idea that there is some definite fixed place to which notices to the stenographer may be addressed. It does not contemplate a shifting or changing of the place to which the notice must be sent to different places where the stenographer may be temporarily in the performance of his duties. There can be only one

usual place of abode. If the terms of courts were fixed as places of abode by construction, notices would have to be addressed there when the stenographer was at court in the performance of his duties, and, inasmuch as the court often does not hold for the full term, but may adjourn any day of the term, there would be great confusion in determining whether or not the stenographer was at such places or not. We think the statute contemplates notices shall be sent to the usual post office address of the stenographer, where he lives and maintains his office or performs his work when not engaged in the court room.

Under the proof of the record we think that Columbia was the usual place of abode of the stenographer, and, inasmuch as the written notice was not sent there nor delivered to the stenographer in person, and inasmuch as the stenographer never received such notice, the motion to strike out the stenographer's notes will be sustained.

*Motion sustained.*