MAYFLOWER MILLS *v.* BREELAND.

(Division B. Oct. 2, 1933. Suggestion of Error Overruled Nov. 13, 1933.)

[149 So. 787. No. 30704.]

**W. S. Henley**, of Hazlehurst, for appellee, on motion.

J. M. Stevens, Jr., of Jackson, and M. S. McNeil, of Hazlehurst, for appellant, on motion.

212

**Ethridge, P. J.**, delivered the opinion of the court.

In this case there was a plea in bar on the ground that the appeal was not filed within the six months allowed by law for taking appeals from judgments. There is also a motion to strike the stenographer's notes on the ground, first, that no notice was given to the stenographer to transcribe his notes which complies with section 725, Code 1930, the notice being conditional and indefinite; and, second, that the transcribed notes have not been certified to as being correct by the judge, and have not been agreed upon by the parties, and contain material errors and omissions, in that all the exhibits have been omitted.

It appears that there was a trial on the issues between the parties at the November, 1931, term of the circuit court of Copiah county, at which term a motion for a new trial was filed and taken under advisement by the trial judge to be decided on or before January 4, 1932. There was no disposition of the motion for a new trial on that date, and at the February, 1932, term, the court was

opened and adjourned under section 733, Code 1930. In other words, there was no business disposed of by the circuit court at the February term. At the July, 1932, term, the court overruled the motion for a new trial; the order overruling same being made on August 10, 1932. An appeal bond for two hundred dollars was filed on November 4, 1932, instead of for five hundred dollars as required by law, but a bond for five hundred dollars is tendered in this proceeding here which has been approved by the clerk of the circuit court.

Appellee contends, in the plea in bar, that the judgment rendered at the November, 1931, term of the circuit court became final when the trial judge failed to act upon it at the time set therefor in vacation; and that, if not correct in this position, it was overruled by operation of law at the February, 1932, term of the circuit court, and that, inasmuch as the appeal was not taken within six months after the end of this term of court, it became barred.

Counsel for appellee rely upon the case of Scarborough v. Smith, 52 Miss. 517, decided under section 534, Code of 1871, and which is different from section 734, Code of 1930.

We have since held that, where a motion for a new trial is not disposed of at one term of court, it is continued until the next term and remains to be acted upon by the court at a subsequent term. O'Bannon v. Greenville Commercial Body Company, 159 Miss. 68, 132 So. 87, and Union Motor Car Co. v. Cartledge, 133 Miss. 318, 97 So. 801.

We therefore hold that the appeal was not barred at the time it was taken in this case, having been taken within six months after the rendition of the court's order overruling the motion for a new trial.

We are of the opinion, however, that the notice to the stenographer to transcribe his notes of the evidence given in this case was insufficient and constitutes no notice to

the stenographer to transcribe his notes; it having been given prior to the court's passing upon and disposing of the motion for a new trial. The letter to the stenographer reads as follows:

"December 2, 1931.

"Mr. M. A. Toney, Hazlehurst, Miss.

"Dear Sir: RE: Mayflower Mills v. A D Breeland?

"You will please transcribe the stenographic notes taken by you at the trial of the above styled case at the November term thereof, if, and when the circuit judge overrules the motion for a new trial filed in the case, as an appeal is desired to be taken to the Supreme Court of the State of Mississippi.

"Yours very truly,

"M. S. McNeil, Atty. for plaintiff."

The giving of notice to a stenographer to transcribe his notes of the evidence is jurisdictional, and, if not given, the notes cannot be considered. By section 725, Code 1930, it is provided that: "In all cases in which the trial is noted by the official court reporter, any person desiring to appeal the case shall notify the court reporter in writing within ten days after the adjournment of court of the fact that a copy of the notes is desired. The notice must be handed to the court reporter personally, or mailed to him at his usual place of abode. In either case the attorney making the request shall file with the clerk of the court a copy of the notice, with a statement as to how the notice was served. Upon receipt of such notice it shall be the duty of the court reporter to immediately acknowledge receipt thereof, and to transcribe and file his notes within sixty days thereafter."

In Young v. Alexander, 122 Miss. 643, 84 So. 697, it was held that notice to the stenographer to transcribe his notes may be given ten days after ruling on motion for a new trial.

In Tullos v. Board of Sup'rs of Simpson County, 124 Miss. 121, 86 So. 358, it was held that in cause taken under advisement notice to stenographer must be given within ten days after vacation decree rendered and placed on minutes.

The notice above quoted in the case at bar was given prior to action upon the motion for a new trial and was conditioned upon "if and when" said motion should be afterwards overruled. To uphold a notice of this kind would be to require the court reporter to keep track of all the court's orders, and this would be manifestly unsound and unfair to the court reporter. When he receives notice according to the statute, it is his duty to transcribe his notes within sixty days, and if unable to do so within that time, the circuit judge may extend the time for thirty days additional, and if the stenographer does not transcribe his notes within the time thus allowed, then counsel desiring an appeal may prepare and file a bill of exceptions according to the old practice.

However, the appellee is entitled to have the statute complied with in giving notice, so that the stenographer's notes may be used instead of a bill of exceptions under the old practice.

There was no extension of time allowed in the case at bar, and there was no bill of exceptions prepared by counsel within the sixty days after failure of the stenographer to transcribe his notes. The stenographer was not legally called upon or notice given him to transcribe his notes, and no litigant acquired any right in such notes as were subsequently transcribed by the stenographer and filed in April following the appeal in November. Therefore, the provision that if the notes are filed, and the notice has been given, they shall not be stricken out, unless incorrect, does not apply. In legal effect, the notes are not officially the notes of the court reporter, because he was given no legal notice, and the giving of this notice is jurisdictional.

It follows, therefore, that the stenographer's notes transcribed and filed must be stricken from the record. As stated above, the appeal is from a peremptory instruction, and it would be impossible to pass upon the propriety of giving a peremptory instruction without the stenographer's notes, or a bill of exceptions properly prepared.

The appeal was taken on November 4, 1932, and was returnable on the first Monday of January, 1933. No record or bill of exceptions was filed on that date, nor was any filed on the first Monday in March, 1933, the next return day. There is now no legal record which we could look to in order to determine the propriety of the court below in giving the peremptory instruction; consequently, the appeal must be dismissed.

Stenographer's notes stricken, and appeal dismissed.