JACKSON OPERA HOUSE CO. *et al. v.* COX.

(Division B.   Oct. 30, 1939.   Suggestion of Error Overruled Jan. 8, 1940.)

[191 So. 665.   No. 33890.]

(Division B.   Nov. 27, 1939.)

[192 So. 293.   No. 33890.]

238

W. S. Henley, of Hazlehurst, and Green, Green & Jackson, of Jackson, for appellee, on motion.

Ben **F. C**ameron, of Meridian, for appellants, on motion.

Ben F. Cameron, for appellants.

W. S. Henley and Green, Green & Jackson, for appellee.

Argued orally by **Ben F. Cameron,** for appellants, and by **Garner W. Green, Jr.,** for appellee.

**McGehee, J.,** delivered the opinion of the court on motion.

This is a motion to strike from the record the stenographer's transcribed notes of the testimony taken in the court below, on the ground that the notice required to

be given to the court reporter, under section 725, Code of 1930, was not given until after the expiration of ten days from the adjournment of the court.

The motion must be sustained. In the case of Richmond v. Enochs, 109 Miss. 14, 67 So. 649, the Court held that the stenographer's transcript of the evidence which has not been made up and dealt with in the manner provided by law would be a nullity, and would be stricken from the record upon request of the opposing party. That the only instance in which the transcript which had not been made up in the manner pointed out by the statute shall be treated as a part of the record is when the transcript is made up pursuant to notice given to the stenographer within the time required by law, and is then not "incorrect in some material particular."

It was again held, in the case of Mayflower Mills v. Breeland, 168 Miss. 207, 149 So. 787, 788, that "the giving of notice to a stenographer to transcribe his notes of the evidence is jurisdictional, and, if not given, the notes cannot be considered."

The agreement made in regard thereto, at the time and under the circumstances disclosed by the proofs in support of this motion, was wholly ineffective. It should be explained, however, in justice to the receiver, that the motion to strike the stenographers notes in violation of the agreement is made after the termination of the receivership, and on behalf of the substituted appellee.

Therefore the motion is sustained.

**Ethridge, P. J.**, delivered the opinion of the court.

Harold Cox, Receiver of the Merchants Bank & Trust Company, being authorized by the Chancery Court, which was administering the affairs of the Merchants Bank & Trust Company in liquidation, filed a petition in the Circuit Court for a writ of mandamus against the Jackson Opera House Company, its president and secretary, alleging that said Company, on the first of April, 1901,

issued two shares of stock to W. E. Hayne, evidenced by its certificate number 38, of the par value of $100.00 each; that in due course of business and for value, without notice of any person claiming said certificate, the Merchants Bank & Trust Company became the owner thereof, the said certificate being endorsed by its owner, W. E. Hayne; that the said receiver, being by operation of law the owner and holder of the said certificate, was entitled to have the same transferred from the books of the Company, and cancelled, and a new certificate issued therefor to the plaintiff in his capacity as receiver; that he has made demand upon the Jackson Opera House Company, and its president and secretary, for transfer of the certificate, but they failed and refused to do so, and refused to issue a new certificate to the plaintiff. And that the plaintiff is entitled to a writ of mandamus, directing and compelling the said secretary and president to permit the transfer of the certificate upon the books of the Company, and to issue a new certificate to the plaintiff; and asks for process, and for order commanding the transfer to be made, etc.

The certificate of stock, No. 38, was made an exhibit to the petition for writ of mandamus; it shows that it was duly issued to W. E. Hayne, and recites that it is "Transferable only on the books of the said Company in person or by attorney, or legal represenative, on surrender of this certificate properly endorsed." On the reverse side the certificate was endorsed in blank by W. E. Hayne, and witnessed by W. G. Plummer.

The defendants pleaded the general issue, and gave notice thereunder that it would offer to prove that certificate No. 38 for two shares of stock of the Jackson Opera House Company was issued to W. E. Hayne on April 1, 1901, and that between that date and June 18, 1920, the said W. E. Hayne departed this life, being at the time, as defendants are advised, the legal owner of said shares of stock in the corporation; that the Hibernia Bank & Trust Company, of New Orleans, Louisiana,

was the duly appointed administrator of the estate of W. E. Hayne, and that the said administrator called on the defendant, the Jackson Opera House Company, to transfer the two shares of stock to Thos. S. Bratton, to whom sale of said stock had been made, and the administrator represented to the said corporation that the original stock certificate No. 38 had been lost or destroyed; pursuant to this advice the defendant corporation, on June 18, 1929 issued to Thomas S. Bratton its certificate No. 187 of its capital stock, shown on its records to have been issued in lieu of certificate No. 38, and that said certificate was transferred from W. E. Hayne. It further set forth subsequent transfers of said certificate of stock to other persons, and finally to R. D. Sanders.

To this notice the plaintiff replied that R. D. Sanders is not the lawful owner of certificate No. 38 for two shares of stock in the Jackson Opera Company, issued to W. E. Hayne on April 1, 1901, endorsed by him, duly witnessed, and transferred in the course of business to the Merchants Bank & Trust Company, without notice of existence of any claim thereto; and that the Merchants Bank & Trust Company thereby became the owner of the stock certificate, free from any claim of any person whatsoever. That the plaintiff is not advised as to when W. E. Hayne departed this life, but denies that at the time of his death he was the legal owner of said stock in the Jackson Opera Company.

The plaintiff further said it was not advised whether the Hibernia Bank & Trust Company of New Orleans was appointed administrator of the estate of W. E. Hayne, deceased, or whether the said bank, acting in that capacity, called upon the defendant Jackson Opera Company to transfer the two shares of stock to Thos. S. Bratton; and, further, even should this be true, the Hibernia Bank & Trust Company acquired and had no interest in the stock certificate as the representative of the decedent for the reason that the two shares of stock were held and owned by the Merchants Bank & Trust Company; that the

original stock certificate No. 38 had not been lost or destroyed, but had been transferred and assigned to the Merchants Bank and Trust Company, which became, and is, the holder and owner thereof, and entitled to have it transferred upon the books of the Company. The plaintiff denied that the certificate was lawfully issued to Thos. S. Bratton and the other parties named in the notice under the general issue; and alleged that at no time had the certificate been surrendered to the defendant corporation, and if the corporation attempted to transfer the certificate on its books without its being surrendered for cancellation, that it acted at its peril; and denies the validity of the certificate of stock issued in lieu of No. 38, set forth in the notice under the general issue, alleging that throughout this period of time certificate No. 38 was held and owned by the Merchants Bank & Trust Company, and is now held and owned by the plaintiff as its receiver. The plaintiff denied that R. D. Sanders acquired the two shares of stock originally owned by W. E. Hayne, claiming that the plaintiff is the lawful owner thereof, and is entitled to have the same transferred upon the books of the Company, and to have a new certificate issued in lieu thereof.

Trial of the cause was had in the Circuit Court, evidence was taken, and the court rendered a judgment in favor of the plaintiff, directing a mandamus to issue, and the president and secretary to transfer the stock to Harold Cox, as receiver of the Merchants Bank & Trust Company; from which judgment this appeal was taken.

The notes of the evidence taken by the stenographer was heretofore stricken out, and we cannot refer to them in order to determine what the evidence before the Circuit Judge was. He tried the cause as both judge and jury, by agreement of the parties.

It is insisted by the appellant that mandamus will not lie, as prayed in the petition, and the pleadings show that the stock was claimed by other persons than the plaintiff, and the court could not have jurisdiction to award the mandamus on the pleadings, irrespective of the evidence.

Under section 2348, Code of 1930, among other things it is provided that: "On the petition of the state, by its attorney-general or a district attorney, in any matter affecting the public interest, or on the petition of any private person who is interested, the writ of mandamus shall be issued by the circuit court, commanding any . . . corporation, board, officer, or person to do or not to do an act the performance or omission of which the law specially enjoins as a duty resulting from an office, trust, or station, where there is not a plain, adequate, and speedy remedy in the ordinary course of law."

It is shown in the above statement that a certificate contained a provision that it was only transferable upon the books of the company by the owner in person or by his attorney or local representative, on surrender of this certificate, properly endorsed. There is nothing to show, at the time of the attempted transfer of the stock from W. E. Hayne to Thos. S. Bratton, that the certificate was produced; on the contrary, it appears by the recitals of the notice of the general issue by the defendant that it was not produced. But it is claimed that it was lost or destroyed.

The certificate of stock was presented with the petition for mandamus, properly endorsed—or endorsed in blank.

Section 4153, Code of 1930, provides that the stockholder shall be liable for debts, etc., for any unpaid balance remaining for the stock subscribed for by him; and that he may be sued, etc., by the corporation or its creditors; and that said liability shall continue for one year after the sale or transfer of the stock. It then provides, "The stock in all corporations shall be transferable by the indorsement and delivery of the stock certificate and the registry of such transfer in the books of the corporation."

In Scherck v. Montgomery, 81 Miss. 426, 33 So. 507, 508, it was held that any person entitled to a certificate of stock in a corporation may assign his right, and the assignment is good between the parties, although not

evidenced by a transfer on the books of the company. It is also held in that case that an assignee of a right to have a certificate of stock in a corporation issued may sue in equity, and is entitled to a mandatory injunction. In the course of its opinion the Court said: "It is plain that, if Mr. Scherck had never transferred, and if he had, after the payment of his whole stock subscription, demanded his certificates of stock, and been refused, he could have sustained mandamus at law for their issuance. Granted this, it is equally plain that his immediate, or remote, transferee would have the same right, unless there was some counterclaim in the chain of transfer in the way." Further on in the opinion the Court said: "We cannot support the contention that a sale of the stock, as between the parties, cannot be made except by actual transfer on the books of the company. This is for the convenience of the corporation, and it has, in this suit, full opportunity to give any valid reason why it should not make the actual transfer."

We think the circuit judge had a right to hear the facts set forth in the petition; and we must presume, in the absence of evidence before him, that the evidence warranted his decision. We cannot look to the notes which were stricken out to determine what this evidence was. Every presumption is indulged in favor of the validity of a judgment of the Circuit Court. Any evidence that could have been introduced on the issues made may be presumed to have been done as necessary to support the judgment of the Circuit Court. It may be that the proof wholly failed to show any right in any other person than the bank. We must presume that it did. We must presume that the matter set up in the notice of the general issue was shown on the proof to be against the defendant. The only parties to this suit are those named, the plaintiff, the Jackson Opera House Company, its president and secretary.

It may be that other parties could have claimed the subject matter of the litigation under section 605, Code of 1930. As to this we are not called on to decide, for the

reason that no other person was brought into court, or appeared therein as a claimant. Claims by a third person of the subject of the action and proceeding thereunder are provided in sections 564, 565 of the Code. We do not decide whether claimants could or should have been brought in under these sections.

It follows that the judgment of the court below must be affirmed.

Affirmed.