REDMOND *v.* HILLIARD.

(In Banc.   Dec. 9, 1940.)

[199 So. 83.   No. 34375.]

(In Banc.   Feb. 10, 1941.)

[200 So. 130.   No. 34375.]

**G. Q. Whitfield** and **Chalmers Alexander**, both of Jackson, for appellee on motion.

**Stirling & Stirling,** of Jackson, for appellant on motion.

**S. D. Redmond,** of Jackson, for appellant on motion.

Argued orally by **J. B. Stirling,** for appellant, and by **G. Q. Whitfield** and **H. Chalmers Alexander,** for appellee.

**McGowen, J.,** delivered the opinion of the court on motion.

Appellee filed a motion to strike the transcript of the court reporter's notes from the record for the reason that the court reporter was not given notice by the appellant to transcribe his notes, as required by Section 725, as amended by Chapter 236 of the Laws of 1936. There

were other grounds for the motion, but it is not alleged in the motion that the transcript of the notes is in any manner incorrect.

Redmond replied at length to the suggestion of error, and filed a carbon copy of a letter to the court reporter, dated March 25, 1940, requesting said court reporter to transcribe his notes. Relative thereto, he said: "Appellant was told on March 25th, 1940, by Hon. J. H. Howie, who was then representing appellant in this cause, that appellant's motion for a new trial had that day been overruled, and being desirous of an appeal, appellant immediately prepared a notice to the Hon. R. S. Streit, Court Reporter, and asked the Honorable Mr. Streit to transcribe his notes in said cause and send them up, a copy of said notice is attached hereunto marked 'Exhibit A' to this answer and asked to be considered as much a part hereof as if copied herein." Redmond answered further that he sent notice to the clerk to prepare the record and to send it to the Supreme Court; also, that the docket (referring to the circuit court docket) shows notice to both stenographer and clerk under date of May 22, 1940. The record shows that an order was entered by the court on May 22, 1940, overruling appellant's motion for a new trial.

In connection with this motion, appellant filed a separate motion for certiorari, requiring the clerk to send up the docket entries as to the filing of certain papers pertinent to this motion, and a certificate of his docket entries relative thereto, which includes the written notice to the stenographer. Appellant does not allege how or when or if ever he served the notice on the court reporter. If, however, he has actually had the notice served on the court reporter in accordance with the statute, he may file a copy with the circuit clerk and have it sent up.

The motion for certiorari will be granted as prayed for; and the motion to strike the transcript of the record will be passed until the circuit clerk has made his return in answer to the writ of certiorari herein granted. The

certificates and documents prayed to be sent up must be filed in this Court within ten days from this date.

**Smith, C. J.**, delivered the opinion of the court on motion.

This is a motion to strike the stenographer's transcript from the record, the grounds thereof being:

(1) The record fails to disclose notice from appellant to the Circuit Court stenographer to transcribe notes (transcript) of the evidence.

(2) The transcript does not appear to have been signed by the trial judge of the court below, nor to have been agreed on by the parties, nor to have become a part of the record as provided by statute. Neither any attorneys for the plaintiff nor for the defendant—not any counsel at all—are shown to have passed upon or approved or disapproved the transcript.

(3) The appeal to this court was barred by the Statute of Limitations when the bond therefor was filed.

If there is no merit in the first of these two grounds, the second disappears, since the motion contains no allegation that the transcript is incorrect in any material particular. Section 728, Code of 1930.

A final judgment herein was rendered in the court below at its September 1938 term. A motion then made by the appellant for a new trial was continued for disposition by the trial judge in vacation. No vacation order was made, and the motion was not overruled until May 22, 1940, during the regular May term of the court. The court reporter filed a transcript of the evidence within an extension of time allowed him by the court in which so to do. No notice to the reporter to transcribe his notes was filed with the clerk of the court below as required by Section 725, Code of 1930, now Chapter 236, Laws of 1936. The appellant, however, says in his reply to this motion that a written notice so to do was given the stenographer on March 25, 1940, a copy thereof being attached to the

answer. If this is true, the notice can yet be filed with the clerk of the court below. The giving of the notice and not the filing of a copy thereof with the clerk of the trial court determines the duty of the reporter to transcribe his notes of evidence, and since the appellant's allegation that he actually served the written notice on the reporter is not denied by counsel for the appellee, we will assume that it is true.

Section 725, Code of 1930, Chapter 236, Laws of 1936, require a notice to be given a court reporter to transcribe his notes of the evidence "in writing within ten days after the adjournment of court." This notice must be given and within the ten days allowed therefor, without which the transcript of the evidence filed by the court reporter is of no validity and must be stricken from the record. Richmond v. Enochs, 109 Miss. 14, 67 So. 649; Lee Line Steamers v. American Export Co., 109 Miss. 524, 68 So. 771; Dunn v. Green, 124 Miss. 602, 86 So. 852; White et al. v. Board of Supervisors, 121 Miss. 434, 83 So. 611; Armour & Co. v. Strahan, 130 Miss. 109, 93 So. 364; Tullos et al. v. Board of Supervisors, 124 Miss. 121, 86 So. 358; Jackson Opera House v. Cox, 188 Miss. 237, 191 So. 665; Mayflower Mills v. Breeland, 168 Miss. 207, 149 So. 787; Rees v. Rees, 188 Miss. 256, 193 So. 334.

The judgment finally disposing of this case, prior to which no appeal to this court would lie, was the judgment overruling the motion for a new trial rendered at the May, 1940, term of the court below. Mayflower Mills v. Breeland, supra. This notice to the reporter was served on him, not only prior to the adjournment of that term of the court, but prior to the entry on the minutes of the judgment overruling the motion for a new trial. The reason given by the appellant for serving the notice on March 25, 1940, is that the judge of the court below on that day overruled the motion for a new trial, meaning, of course, that the judge on that day announced that he would overrule the motion. The allegation to this effect in the appellant's answer to the appellee's motion not

being denied by the appellee will be accepted as true. In Clark v. Merchants' & Manufacturers' Bank, 128 Miss. 206, 207, 90 So. 844, the chancellor announced his decision in the case orally, but the decree therein was not entered on the minutes until four days thereafter. On the day the decision was orally announced, the losing party served a notice on the reporter to file a transcript of the evidence, which the reporter did. On a motion to strike the transcript from the record, this court held that the notice could be given before the adjournment of the court, and that the notice given after the case was orally decided but before the entry of the decree on the minutes was valid. That case will control here unless in conflict with the later case of Mayflower Mills v. Breeland, supra. In that case, the facts were that at the November 1931 term of a circuit court, a motion for a new trial was taken under advisement for decision in vacation. It was not disposed of in vacation and not until the July 1932 term, at which it was overruled. On December 2, 1931, counsel for the party against whom the judgment had been rendered, and who filed the motion for a new trial, notified the court reporter in writing to transcribe and file a copy of his notes of the evidence "if, and when the circuit judge overrules the motion for a new trial filed in the case." The court held that the notice was ineffective for the reason that it "was given prior to action upon the motion for a new trial and was conditioned upon 'if and when' said motion should be afterwards overruled." [168 Miss. 207, 149 So. 788.] As the notice was served on the court reporter before the judgment overruling the motion for a new trial was rendered without any announcement by the trial judge that he had overruled or would overrule the motion, that case is not in conflict with Clark v. Merchants' & Manufacturers' Bank, supra. Consequently, the motion to strike the reporter's transcript from the record must be overruled.

The third reason given is really a plea in bar to the appeal on the ground that the bond therefor was filed

after the expiration of the time within which an appeal can be taken. The appeal did not lie until the motion for a new trial was overruled and the appeal bond was filed on the day the motion was overruled. Mayflower Mills v. Breeland, supra.

. The request of the appellant for leave to file an assignment of error will be granted.

So ordered.