SHAW, et al. *v.* BULA CANNON SHOPS, INC.

In Banc. Feb. 28, 1949.

(38 So. (2d) 916)

Cameron & Wills, David C. Welch, Geo. E. Shaw, L. A. Pyle, and Robt. E. Perry, for appellees.

Brief of appellants, contra. **R. H. & J. H. Thompson** and **Albert S. Gardner,** for appellants.

**Montgomery, J.**

Gaylord Shaw, Barney Estes and Burnett Estes, partners composing the co-partnership and doing business as Shaw & Estes brought this suit against Bula Cannon Shops, Inc., for the sum of $17,357.32 alleged to be due them by the defendant under their contract for remodeling and equipping the interior of two store buildings —one in Laurel, Mississippi, and the other in Bogalusa, Louisiana.

To this declaration the defendant plead the general issue and gave notice that under the law it was the duty of appellants to exercise reasonable care in performing the services incident to the work and to hold down the cost thereof as much as reasonably possible but the appellants in violation of this duty had conducted the work in a negligent, careless, and unbusinesslike manner, with inadequate supervision, duplicating effort and paying improper prices.

There was a verdict for the defendant in the lower court and the plaintiffs below appeal here.

At the outset of our consideration we are met with the motion of appellee to strike the stenographer's transcript of the evidence in the lower court. Judgment was rendered in the lower court for defendant on March 11, 1948. Four days later, on March 15, 1948, appellants gave the statutory notice to the stenographer to transcribe his notes of the testimony taken on the trial. On the day following, March 16, 1948, appellants filed in the lower court their motion for a new trial and on the same day it was overruled by the Court. It is contended by appellee that the filing of this motion for a new trial revoked the notice to the stenographer and there was no final judgment until after the overruling of the motion for a new trial.

Section 1640, Code of 1942, requires a notice to be given a court reporter to transcribe his notes of evidence "in writing within ten days after the adjournment of court." This notice must be given and within the ten days allowed therefor, without which the transcript of the evidence filed by the court reporter is of no validity and must be stricken from the record. Richmond v. Enoch, 109 Miss. 14, 67 So. 649; Lee Line Steamers v. American Export Co., 109 Miss. 524, 68 So. 771; Dunn v. Green, 124 Miss. 602, 86 So. 852; White et al. v. Board of Supervisors, 121 Miss. 434, 83 So. 611; Armour & Co. v. Strahan, 130 Miss. 109, 93 So. 364; Tullos et al. v. Board of Supervisors, 124 Miss. 121, 86 So. 358; Jackson Opera House v. Cox, 188 Miss. 237, 191 So. 293; Mayflower Mills v. Breeland, 168 Miss. 207, 149 So. 787; Rees v. Rees, 188 Miss. 256, 193 So. 334, 194 So. 750.

After, but only after, the motion for a new trial was filed, the judgment finally disposing of this case, prior to which no appeal to this Court would lie, was the judgment overruling the motion for a new trial rendered on March 16, 1948. Mayflower Mills v. Breeland, supra; Redmond v. Hilliard, 190 Miss. 839, 199 So. 83, 200 So. 130.

But in the case at bar the notice to the stenographer was given before any motion for a new trial was ever filed and at a time when the judgment was of record against the defendant as a final judgment, from which appeal would lie, and no motion for a new trial was pending. A motion for a new trial is often not filed. There would be much sounder reason justifying a holding that the filing of this notice to the stenographer waived the right to file a motion for a new trial than to hold that the subsequent filing of the motion for a new trial revoked the notice to the stenographer. But there is no necessity for us to pass upon this question as it is not presented here and we do not pass upon it. All we hold here is that at the time the notice to the stenographer was given there was upon the minutes of the court a final judgment against the defendant, from which an appeal would lie. It continued a final judgment until a motion for a new trial might be, if ever, filed. The motion for a new trial suspended it as a final judgment until overruled, but it did not operate to revoke the notice to the stenographer. The notice was given according to law and at a proper time. Immediately there was secured to the appellant the benefit of the stenographer's transcript for use on his appeal. This right was not taken away or revoked by the subsequent filing of a motion for a new trial. The motion to strike the stenographer's transcript is overruled.

This brings us to a consideration of the case upon the merits.

The contract sued upon was a ''cost plus ten plus ten'' contract. Appellant was to handle the architectural work, the supervision, and supply all labor and materials. Appellee was to pay therefor the cost of same plus ten percent for overhead and ten percent for contractor's fee.

The rules of law controlling ''cost plus'' contracts are well established. Upon reason and authority, where a person agrees to do work for another upon a

cost plus basis, it is his duty to keep accurate and correct accounts of all material used and labor performed, with the names of the materialmen and laborers, so that the owner may check up the same. He must use the same skill and ability as is used in contract work for a gross sum. If the aggregate cost upon the face of the account is so excessive and unreasonable as to suggest gross negligence or fraud, the law would impose upon the contractor the duty of establishing the bona fides of his performance of the work. The contractor does not have the right to expend any amount of money he may see fit upon the work, regardless of the propriety, necessity, or honesty of the expenditure, and then compel repayment by the other party, who has confided in his integrity, ability and industry. Hitt v. Smallwood, 147 Va. 778, 133 S. E. 503; Title Guarantee & Trust Co. v. Pam, Sup., 155 N. Y. S. 333, affirmed 192 App. Div. 268, 182 N. Y. S. 824, affirmed 232 N. Y. 441, 134 N. E. 525. In an action upon his contract for payment, the contractor must show that the moneys which he claims to have expended were necessarily paid for materials and work upon the job and if the contractor fails to do this he should only be allowed the reasonable cost and his percentage. Pathe Laboratories v. Du Pont Film Mfg. Corporation, D. C., 3 F. R. D. 11.

The defendant introduced as witnesses, L. A. Gilley, a Laurel contractor of long and wide experience, J. H. Thrower, of Jackson, whose business is operating a contract estimating service, Webb Overstreet, Jackson, Mississippi, an architect of long and wide experience and from their examinations of the plans and inspections of the work they testified as to the quality of materials used. H. I. Holt, an auditor of Laurel, audited the invoices of materials charged by the contractor as going into the work and the above witnesses showed same to be far in excess of the materials actually used in the jobs. The proof does not show any dishonesty or corruption on the part of the contractor but it shows that through

needless extravagrance, waste and negligence or lack of supervision a very large percentage of the materials charged against the work never found their way into the completed structure. During the week of July 26, 1946, there were five painters on the Laurel job. These painters were paid for 92 hours of regular time at $2 per hour and 80 hours overtime at $3 per hour. In the week of August 9 one painter was paid ten hours regular time at $2 and thirteen hours of overtime at $3. There were three painters who had no regular time and had thirty-three hours of overtime at $3. Materials charged against the job were shown to have been sold to others without any credit to the job.

The War Stabilization Board made a claim against the contractor for $6,000 for overpayment of lawful wages and he settled it for $1,700. There is in the record a great deal of testimony offered by defendant establishing that the jobs were not reasonably supervised and that reckless extravagance and waste ran rampant. The overwhelming weight of the evidence establishes these facts. There was a verdict of the jury for the defendant and we think properly so.

It is urged by appellants that the court erred in refusing to grant them a peremptory instruction. We do not think so. We feel the trial judge was manifestly correct in refusing the peremptory.

Appellants assign error in certain instructions granted the defendant. We have examined these and find no error.

The appellants urge that the lower court erred in refusing them the privilege of introducing en masse a large box of vouchers and invoices without individual consideration of their materiality but the court offered to permit them to pick out any of them or all of them and identify them and show their materiality and then introduce them. Appellants never did offer any individual exhibit, so it was not possible to see whether any of the evidence offered would be relevant to the

issues of the case or would be proper rebuttal. This court has steadfastly held that, without such showing, the exclusion of evidence will not be considered on appeal. Martin v. Gill, 182 Miss. 810, 181 So. 849.

We find no error in this record and the judgment of the lower court will be affirmed.

Affirmed.