BOOKER *v.* STATE.

April 5, 1954

No. 39071          59 Adv. S. 3          71 So. 2d 477

*Sims & Sims,* Columbus, for appellant.

*Joe T. Patterson,* Asst. Atty. Gen., Jackson, for appellee.

McGEHEE, C. J.

On December 16, 1953, the appellant, Tommy Booker, filed an assignment of error in the above styled cause and a brief in support thereof on January 14, 1954. But the appellee, State of Mississippi, on January 27, 1954, filed its motion to strike the transcript of the stenographic notes of the testimony taken on the trial of the cause on the ground that the term of court, at which the appellant was convicted of manslaughter because of alleged culpable negligence in connection with an automobile collision on the highway and sentenced to serve a term of eight years in the penitentiary, adjourned on November 29, 1952, and the notice to the court reporter to transcribe her notes was not given until December 13, 1952, more than ten days after the adjournment of the term of the court.

We have no alternative except to sustain the motion of the State to strike the transcript of the stenographic notes of the testimony taken at the trial, under

the authority of Section 1640, Code of 1942, and Dunn v. Green, 124 Miss. 602, 86 So. 852; Mayflower Mills v. Breeland, 168 Miss. 207, 149 So. 787; McGehee v. State, 35 So. 2d 628, 203 Miss. 609; Rees v. Rees, 188 Miss. 256, 193 So. 334; Richmond v. Enochs, 109 Miss. 14, 67 So. 649; and Mrs. Louise Ivy and Henry Benson Ivy. v. S. Robertson, et al., 220 Miss. 364, 70 So. 2d 862, on which decision was rendered March 15, 1954.

We have carefully examined the indictment, the instructions to the jury, and the judgment and sentence of the trial court, and we are unable to find that any reversible error was committed, since the testimony taken at the trial is not to be considered as any part of the record under the statute and decisions hereinbefore cited.

The motion to strike the transcript of the testimony taken at the trial is therefore sustained and the judgment appealed from is affirmed.

Affirmed.

*Kyle, Arrington, Ethridge* and *Gillespie, JJ.,* concur.