Ocean Springs Bank *et al.* v. Frederick.*

(In Banc.   Nov. 22, 1926.)

[110 So. 366.   No. 26501.]

1. Courts. *Supreme court cannot issue rule to show cause to chancery court stenographer for failure to file transcript of evidence.*
   Stenographers of circuit and chancery courts are not officers of the supreme court, but of courts by which they were appointed, precluding supreme court from issuing rule to show cause as to why chancery court stenographer should not be adjudged in contempt for failure to file transcript of evidence.

2. Courts. *Supreme court may not coerce lower court officers in performance of duties.*
   Supreme court is without power to coerce officers of lower courts in performance of duties which they owe, not to the supreme court, but to court of which they are officers.

*Corpus Juris-Cyc. References: Courts, 15CJ, p. 871, n. 78.

Appeal from chancery court of Jackson county.
Hon. —————————, Judge.

Action by Henry E. Frederick against the Ocean Springs Bank and others. Judgment for complainant, and defendants appeal. On defendants' petition for a

rule requiring the official stenographer to show cause as to why she should not be adjudged in contempt for failure to file a transcript of the evidence. Petition denied.

*Bullard & Bullard,* for appellant.

SMITH, C. J., delivered the opinion of the court.

The Ocean Springs Bank and others have filed a petition in this court, setting forth that they have appealed from an adverse decree rendered against them by the chancery court of Jackson county in a case wherein Henry E. Frederick was complainant and the petitioners were defendants, and that Theresa Herbert, the official stenographer of the chancery court of Jackson county, Miss., has contumaciously failed to file with the clerk of the chancery court of Jackson county a transcript of the evidence introduced on the trial of the case, after due notice so to do, and praying for a rule in this court on her to appear before it and show cause, if any she can, why she should not be adjudged to be in contempt thereof, because of her failure to file a transcript of the evidence with the clerk of the chancery court of Jackson county.

Stenographers of the circuit and chancery courts are not officers of the supreme court, but of the courts by which they were appointed, and a stenographer's transcript of the evidence introduced on the trial of a case in a court below is a part of the record in the case on the trial of which the evidence was offered. It is no part of the duty of the supreme court, and it is without power, to coerce the officers of the courts below into the performance of the duties which they owe, not to the supreme court, but to the courts of which they are officers. Such power and duty rests with the courts below.

*Petition denied.*