DREW v. CASTON.

(Division B.    March 9, 1931.)

[132 So. 736.    No. 29261.]

L. H. McGehee, of McComb, for appellant.

W. B. Mixon, of McComb, and W. A. Parsons, of Summit, for appellee.

Ethridge, P. J., delivered the opinion of the court.

This is a motion to strike the stenographer's notes from the record for several reasons, and, among others, that the notice given the stenographer to transcribe and file his notes was shown by the record to have been given more than ten days after the day of the adjournment of the court in which the evidence was taken, and other parts because certain pages constitute a brief in favor of the appellant and are improperly embraced in the record.

It appears that the court adjourned on the 10th day of the month and that the notice to the stenographer was dated on the 21st day of the month, which shows that the notice was not served upon the stenographer within ten days after the adjournment of the court. Counsel for the appellant sought to obviate the effect of this failure by showing an office copy of a letter to the stenographer dated within the ten days, but the letter was never filed with the clerk nor any statement filed in court that such notice was given. Section 725 of the Code of 1930 provides that any person desiring to appeal a case shall notify the court reporter in writing within ten days after the adjournment of the court of the fact that a copy of the notes is desired and that such notice must be handed to the court reporter personally or mailed to him at his usual place of abode, and in either case the attorney making the request shall file with the clerk of the court a copy of the notice and with it a statement as to how the notice was served. As stated, the notice filed with the clerk shows that it was given after the ten days had expired, and no notice was filed with the clerk of the serving on the stenographer or the mailing to him of the alleged notice in the letter. We think

that the notice filed with the clerk constitutes the record of the service of the notice, and the appellant must stand upon the notice he files with the clerk, stating the manner in which the notice was served. It is highly desirable that the court records shall be made and kept so as to inform interested persons and the public generally of the status of the proceedings, and that it ought to be a record that can be relied upon by all persons affected. The notice not having been given within the time required by statute and it being necessary to give it within ten days, the stenographer's notes are not a part of the record. It was held in N. O. & N. E. R. Co. v. Catts, 109 Miss. 340, 68 So. 483, that the notice of the method of serving the notice filed with the clerk need not be filed with the clerk within ten days but that the notice must be given within ten days. When the copy of the notice with the method of the serving is filed with the clerk it becomes a part of the record, and we are bound to treat it as being the evidence of the fact.

The motion to strike the stenographer's notes of the evidence from the record is sustained.