MISSISSIPPI STATE HIGHWAY DEPARTMENT *v.* HAINES *et al.*

(Division B.   Jan. 18, 1932.)

[139 So. 168.   No. 29719.]

Goode Montgomery, of Laurel, and E. R. Holmes, Jr., of Jackson, for appellant.

F. B. Collins, of Laurel, for appellees.

**Anderson, J.**, delivered the opinion of the court.

Appellant, Mississippi State Highway Department, brought an eminent domain proceeding in the first district of Jones county, against appellees John Haines and Cola Haines, owners of the land sought to be condemned, and the Federal Land Bank of New Orleans, the mort-

gagee of said land, to condemn a right of way for the construction of highway No. 11 between the cities of Laurel and Hattiesburg. The proceeding was brought under chapter 26 of the Code of 1930 (the chapter on eminent domain) and the trial was had, in all substantial respects, as prescribed in that chapter; except the court of eminent domain consisted of the county judge and a jury, instead of a justice of the peace and a jury, and the evidence was taken down by the court stenographer of the county court. There was a verdict and judgment in favor of appellees in the sum of one thousand five hundred dollars, from which judgment appellant appealed to the circuit court of Jones county, where on motion of appellees the appeal was dismissed. From that judgment of the circuit court appellant prosecutes this appeal.

The questions in the case arise out of the construction to be placed upon certain provisions of chapter 26 of the Code of 1930 (eminent domain chapter) and chapter 17 of the Code of 1930 (the county court chapter). Differently stated, the questions to be decided grow out of the further question as to what extent the county court chapter repealed or modified the provisions of the eminent domain chapter.

The proceeding in this case was instituted and conducted in all substantial respects as required by the eminent domain chapter, except the county judge acted in place of a justice of the peace, and the evidence on the trial was taken down by the county court stenographer. The trial was had, not at a regular or special term of the county court of the First district of Jones county, but during the vacation of that court. It was simply an eminent domain court, organized by the county judge in the manner prescribed by the chapter on eminent domain for the organization of such a court by a justice of the peace. The trial resulted in a verdict and judgment in favor of appellees in the sum of one thou-

sand five hundred dollars, from which judgment appellant undertook to prosecute an appeal to the circuit court in the following manner: The appellant filed a petition for an appeal with the county judge (no appeal bond being required by law). The petition for appeal was filed after the expiration of ten days from the entry of the judgment, but within twenty days from its entry. No notice was given the county court stenographer to transcribe his notes of the evidence and the rulings of the court. In the circuit court the appellees made a motion to dismiss the appeal upon the grounds that appellant failed to give the court stenographer notice to transcribe his notes, and that the appeal had been taken after ten days from the entry of the judgment. The circuit court sustained the motion and dismissed the appeal.

The last clause of section 693 of the county court chapter provides that it "shall have exclusively the jurisdiction heretofore exercised by justices of the peace, in the following matters and causes, viz: eminent domain, the partition of personal property, and in actions of unlawful entry and detainer."

Section 696 of the county court chapter provides as follows:

"The rule of pleading, practice, and procedure in the said county court shall be the same as those now, or which may hereafter be established as governing the several other courts, as respects the several matters mentioned; that is to say, in proceedings which, if there were no county court, would have to be brought in a court of a justice of the peace, or before a tribunal of a justice or justices of the peace, the same practice in the county court shall be followed as if the matter were in said justice court, general or special; and if the matter be such as would be in the circuit court, the practice shall be the same as in the circuit court and if the matter would be in the chancery court, the practice shall be

the same as that of the chancery court; and this shall furnish and be the rule for all proceedings in the said county court in all matters over which it has jurisdiction: Provided, however, that all pleadings in the county court shall be in writing, and the jury in law or criminal cases shall be instructed by the judge in the manner now provided by law for instructing the jury in the circuit courts; provided further, that by consent of the parties, the instructions of the court may be given by an oral charge after the argument, but in so doing the judge shall not comment on the weight of the evidence.

"Whenever under any statute a writ is made returnable to, or the institution of any suit or proceeding is required to be in, a justice court, general or special, or a circuit or chancery court, or when in respect to such matters any justice of the peace, or clerk, or judge or chancellor, or other officer, is empowered to do any act in or about any of said courts, the said writs may be made returnable to the county court in any cause or matter there pending or which, within its jurisdiction, is there to be instituted, and all the said acts of the officers aforesaid may be done in behalf of or in respect to the county court in all such matters and causes to the same extent as had the county court been expressly included in each and every of such statutes first aforementioned."

In City of Hattiesburg v. Pritchett, 160 Miss. 342, 134 So. 140, the court held that in counties having a county court the special eminent domain court, provided for in the chapter on eminent domain, consisting of a justice of the peace and a jury, was abolished by the last clause, above quoted, of section 693 of the county court chapter, and that appeals to the circuit court from judgments in such proceedings, and the trial of such cases in the circuit courts, were governed by section 704 of the county court chapter, and that such trials in the circuit court were not trials de novo, but upon bill of exceptions and assignment of errors. To the same effect was a decision

in the case of State v. Carraway, 160 Miss. 263, 134 So. 846.

The county court chapter was enacted subsequent to the chapter on eminent domain, and contains no express repeal of any provision of the eminent domain statute, except section 1481, which vests eminent domain proceedings in a special court composed of a justice of the peace and jury.

The repeal of a statute by implication is not favored; and, where a prior act is not in conflict with a subsequent act, both will be enforced. Holly Springs v. Marshall County, 104 Miss. 752, 61 So. 703; Darnell v. Johnson, 109 Miss. 570, 68 So. 780; Ascher v. Moyse, 101 Miss. 36, 57 So. 299; Gilmore Grocery Co. v. Wells Co., 103 Miss. 468, 60 So. 580. But a statute may be repealed by necessary implication as effectually as by express language. Where two statutes are repugnant, the older statute is repealed by implication, but to the extent only of the repugnancy. Gilmore Grocery Co. v. Wells, supra.

It is very plain, from the provisions of section 696 of the county court chapter, that the Legislature, in the enactment of that statute, did not intend to repeal in its entirety the chapter on eminent domain. That section provides that, in all matters taken away from the jurisdiction of other courts, and given to the jurisdiction of the county court, the pleadings, practice, and procedure shall be the same in the county court as in the courts formerly having jurisdiction of such matters.

Section 704 of the chapter on county courts provides that appeals from the county court shall be taken within ten days from the date of the entry of the final judgment on the minutes of the court, provided the county judge, within the ten days, for good cause shown, by affidavit, may extend the time, but in no case exceeding sixty days from the date of the final judgment.

It being manifest from the county court act that it was not the intention of the Legislature to repeal the entire chapter on eminent domain, the two chapters must be construed together. They must be read into each other, so that all the provisions of each of the chapters which are not repugnant to the provisions of the other shall stand. But when there is an irreconcilable conflict between the provisions of the two chapters on any particular subject, the county court chapter must control to the extent of such repugnance.

Applying those principles, we hold that all appeals from the county court to the circuit court, including eminent domain proceedings, must be taken within ten days from the date of the entry of the final judgment, or such extended time as the county judge may grant, as provided by section 704 of the county court chapter.

Section 700 of the county court chapter provides that the county court shall have an official stenographer, to be appointed by the county judge for the purpose of doing the stenographic work of the court, under his direction; and in the same manner, and with the same effect as is provided in the chapter on court reporting. And section 704 of the county court chapter provides, among other things, that an appeal from the county court to the circuit court shall be considered only upon the record made in the county court. Construing this language in connection with the chapter on court reporting, Code of 1930, sections 709 to 730, inclusive, it appears manifest that the latter chapter, in so far as applicable to the county courts, was adopted by section 700 of the county court chapter. Section 725 of the county court chapter provides that any party to a cause desiring an appeal shall notify the court reporter within ten days after the adjournment of the court of the fact that a copy of the notes is desired.

We hold, therefore, that on appeal from a county court to the circuit court, where the evidence is taken down

by a stenographer, the party appealing must give notice to the stenographer as provided in section 725 of the court reporting chapter.

Appellant says, however, conceding that it failed to prosecute its appeal from the county court to the circuit court within the time prescribed by law, and also conceding that the stenographer's transcribed notes of the evidence in the county court should have been stricken out because appellant failed to give the stenographer the ten days' notice required by statute, nevertheless the judgment appealed from should be reversed because the trial took place during the vacation of the county court, which, under the law, was no court at all, and was therefore without authority to hear and determine cause. This question is raised by appellant for the first time on this appeal; it was presented neither to the county court nor to the circuit court.

We will first consider whether the county court could try causes in vacation. The court set up in the chapter on eminent domain, consisting of a justice of the peace and jury, had the power, by express authority of that chapter, to proceed at any time, on proper notice, as therein prescribed. But, as shown above, the county court chapter conferred on the county courts exclusively the jurisdiction theretofore exercised by justices of the peace in eminent domain proceedings; and in section 702 of that act, terms of the county court, both regular and special, are provided for, and the manner of calling special terms. The county court act makes no provision for the trial of cases in that court in vacation. We conclude, therefore, that the trial and judgment in this case before the county court in vacation are void.

Appellees argue that appellant's failure to object to the trial in vacation was tantamount to a consent thereto, and therefore appellant was not prejudiced thereby and has no right to complain.

It seems a complete answer to that argument is that the county judge and jury, acting in vacation, do not constitute a court. They were without any authority whatever to proceed with the trial and render a verdict and judgment; the county judge had no more authority in the matter than a mere usurper. The pretended court had jurisdiction of neither the parties nor the subject-matter. Aubour v. Y. & M. V. Co., 96 Miss. 340, 54 So. 158, Ann. Cas. 1912B, 179; Steverson v. McLeod Lbr. Co., 120 Miss. 65, 81 So. 788; Gulf Coast Stevedoring Co. v. Gibbs, 124 Miss. 188, 86 So. 582, 763; Morris v. Trussell, 144 Miss. 343, 109 So. 854.

Second, whether the question of jurisdiction can be raised for the first time in the Supreme Court. If the pretended county court was without jurisdiction, so was the circuit court on appeal, and so is the Supreme Court on appeal from the latter court. The Supreme Court in all cases is bound to inquire into its own jurisdiction, and decline to exercise a power not conferred upon it by law. And, if the question of jurisdiction is not raised by either of the parties to a cause, it is the duty of the Supreme Court to raise it of its own motion. Stamps v. Newton, 3 How. 34; James v. Williams Furniture Co. (Miss.), 137 So. 101, and authorities there cited.

Reversed and dismissed.