## McGee v. State.

(In Banc. May 24, 1948.)

[35 So. (2d) 628. No. 36892.]

**Poole & London,** of Jackson, for appellant.

**Greek L. Rice,** Attorney General, by **R. O. Arrington,** Assistant Attorney General, for appellee.

**Alexander, J.,** delivered the opinion of the court.

Appellant has filed motion for an order requiring the Circuit Court reporter to transcribe testimony taken in the trial of this cause. The motion contains certain details of explanation made by counsel for the appellant as to why notice was not given to the reporter within ten days after the adjournment of the Court as required by Section 1640. Code of 1942. The allegations of the petition are contradicted in some details by the affidavit of the trial judge which is filed as part of the response of the Attorney General to appellant's motion.

We do not find it necessary to resolve this factual conflict and may look only to the situation as presented by the record. What occurred is therefore more controlling than why it did so occur. The giving of the notice required by the cited statute is jurisdictional. Mayflower Mills v. Breeland, 168 Miss. 207, 149 So. 787. We are without power to require by our order a transcribing of the notes by the Circuit Court reporter since the notice was not given until after the expiration of the statutory period. Ocean Springs Bank et al. v. Frederick, 145 Miss. 553, 110 So. 366.

It is noted with interest that the Attorney General, in his reply to the motion, has stated as follows: "The State of Mississippi, appellee herein, by its Attorney General Greek L. Rice, hereby agrees that said notes may be transcribed and filed and made a part of the record in this cause the same as if all the requirements of law had been compiled with." We make no comment upon this concession, nor is it any part of the foundation for our conclusion that the motion should be overruled.

Overruled: