Ivy, et al. *v.* ROBERTSON, et al.

March 15, 1954

No. 39079 57 Adv. S. 17 70 So. 2d 862

*Lee H. Bird,* Monticello, for appellant.

*Jones & Stratton,* Brookhaven, for appellees.

McGehee, C. J.

There was filed by the appellee Roland S. Bond in this cause on February 20, 1954, a motion and a brief in

support thereof to strike from the appeal record in the case the court reporter's transcript of the evidence and proceedings on the trial of the cause on the ground that the notice to the court reporter to transcribe and file a transcript of her stenographic notes was not given within the ten days required by Section 1640, Code of 1942, after the adjournment of the term of the chancery court, at which time the decree appealed from was rendered. The motion to strike has been considered by us along with the merits of the case.

 In the case of American Creosote Works, Inc. v. Rose Brothers, Inc., 211 Miss. 173, 51 So. 2d 220, it was held that unless notice in writing is given to the court reporter within ten days after the adjournment of court that a copy of the stenographic notes taken upon the trial is desired by the party intending to appeal to the Supreme Court, the transcript of the evidence filed by the reporter is of no validity and must be stricken from the record. In that case, the Court said, among other things, that: "Of course, it is incumbent on any person desiring to appeal his case to this Court to 'notify the court reporter in writing within ten days after the adjournment of court of the fact that a copy of the notes is desired' if he wishes to have the benefit of the evidence on appeal. Section 1640, Code of 1942. The giving of such notice is jurisdictional. McGee v. State, 203 Miss. 609, 35 So. 2d 628; Mayflower Mills v. Breeland, 168 Miss. 207, 149 So. 787; Mississippi State Highway Department v. Haines, 162 Miss. 216, 139 So. 168. And unless given, 'the transcript of the evidence filed by the court reporter is of no validity and must be stricken from the record.' Shaw v. Bula Cannon Shops, Inc., 205 Miss. 458, 38 So. 2d 916, 917, and the cases there cited."

Therefore, unless the many previous decisions of this Court referred to in American Creosote Works, Inc. v. Rose Brothers, Inc., supra, should be overruled, as being

improper interpretations of the statute involved, we are not at liberty to consider the court reporter's transcript of the testimony taken upon the trial as being any part of the record now before us on this appeal, and must decide the case upon the pleadings, process on the defendants, decree pro confesso against some of the defendants and the final decree in favor of the appellee Roland S. Bond rendered by the trial court.

The suit is for the cancellation of a mineral deed and a subsequent conveyance in correction thereof, purporting to have been signed by J. F. Ivy and Mrs. J. F. Ivy, husband and wife, on the 29th day of March, 1939, and on April 17, 1939, respectively, in favor of one C. W. Richards, who is named as grantee therein, and which conveyances purport to have been acknowledged before a local justice of the peace W. V. Smith on the respective dates aforesaid. While the bill of complaint alleges both fraud and forgery in connection with the alleged execution of these conveyances, the main contention in the bill of complaint and on this appeal seems to be that the instruments were represented to the grantors as being an oil and gas lease instead of a mineral deed, and the bill of complaint seems to recognize that Mr. and Mrs. Ivy did in fact sign "their names to and on a piece of paper, which the said Robertson, defendant, represented to contain and embody letters, words and figures of a standard, 10-year mineral Lease, providing for Drilling privileges * * *".

At any rate, unless the testimony given by the complainants and their witnesses upon the trial is to be considered as a part of the record on this appeal, the record is left barren of any proof of the commission of any fraud or forgery in connection with obtaining the said mineral deed and the subsequent conveyance in correction thereof. It is too well-settled to require the citation of authority that in order to justify the set-

ting aside of a conveyance on the ground of fraud the proof thereof must be clear and convincing.

It is contended by the appellants, however, that the original of these conveyances, the discrepancies in the spelling of the names of the grantors in the original and correction deeds, would more clearly disclose to this Court whether or not there was fraud or forgery, and that therefore this Court should have the benefit of an inspection of the same. The answer to this contention is that the trial court was vested with the authority to permit the substitution of photostatic copies and withdrawal of the originals when the same were introduced upon the trial, unless the complainants had requested and obtained an order for the originals to be sent to this Court by the trial court clerk for our inspection as being helpful to a determination of the appeal. Moreover, without the transcript of the stenographic notes being considered a part of the appeal record, there is no disclosure of the fact that the original deeds were actually introduced. Photostatic copies appear in the record merely as exhibits to the answer of the appellee Roland S. Bond, and we are unable to determine merely from the face of these instruments, and without benefit of the testimony, that the chancellor was manifestly wrong in finding that no fraud had been committed.

It is the theory of the bill of complaint that a person who represented himself to the complainants to be S. Robertson, and not C. W. Richards, obtained the conveyances in question. But, according to the answer of the appellee Roland S. Bond, he purchased from C. W. Richards an assignment of the 15/16ths mineral interest in the oil, gas and other minerals under the 100 acres of land described in the conveyance from J. F. Ivy and wife to the said C. W. Richards, for a valuable consideration and without notice, either actual or constructive, of any deed from the said grantors to their son, the appellee Benson Ivy, and without notice of the fraud

alleged to have been perpetrated on the grantors by S. Robertson or anyone else.

██ The decree in favor of the appellee Roland S. Bond, rendered by the chancellor who heard and considered the oral and documentary evidence offered by the complainants at the trial, or such parts thereof as he deemed competent, relevant and material, along with the deposition of the appellee Roland S. Bond, taken and filed prior to the trial and read to the court at the hearing of the case, amounts to a finding of fact that the proof was insufficient to establish the allegations of fraud contained in the bill of complaint, and that the contention of the appellee Roland S. Bond to the effect that he was an innocent purchaser of the minerals for value had been sustained by the proof. We are therefore not warranted in reversing the decree appealed from, unless we should be justified in reviewing all of the evidence heard by the chancellor and in finding that his decision on the issue of fact raised by the pleadings was manifestly wrong.

It is strenuously urged at the bar by counsel for the appellants that Section 1640, Code of 1942, violates the fundamental rights of the appellants in that it does not afford sufficient time for a litigant who loses his case in the trial court to intelligently determine whether or not he is justified in taking an appeal; and that the statute is therefore invalid. ██ But, it is the duty of this Court to follow and apply a statute enacted by the Legislature unless it is clearly unconstitutional. ██ To doubt the constitutionality of the act is to uphold its validity since we are not justified in striking a statute down unless its unconstitutionality appears beyond every reasonable doubt. Our previous decisions are replete with similar expressions of the view just stated.

Then, too, the last amendment of this statute appears to have been enacted in Chapter 236, Laws of 1936, and although a large majority of the personnel of the Legis-

lature is represented by members of the legal profession, who have been affected one way or the other by this ten-day limitation, we know of no effort on their part to have this ten-day period of limitation extended.

It appears that after the decision of the chancellor was announced in court on August 11, 1952, the day before the final decree was actually signed, the counsel for appellant on the next day after the decision was announced notified the court reporter in writing to transcribe ''that portion of your notes,—first hearing of this case, several weeks ago—, covering testimony of Mrs. Louise Ivy (Mrs. J. F. Ivy) in this case, and mail to me, Monticello, Miss. copy of Mrs. Ivy's testimony,— only * * * I suggest you retain original of same & send to me C/c thereof, so that, in case we shall appeal this case, original, to be retained by you, can be fitted into transcript of such of the record as is necessary to be used on appeal. I want to review Mrs. Louise Ivy's testimony in this case; thus to refresh my memory as to just what she did testify, by way of helping me & clients to better determine advisability of appealing this case, etc.''

Thus, it will be seen that this was not an unconditional notice to the court reporter to transcribe all of her stenographic notes taken at the trial of the case. In fact, it notifies her not to transcribe her notes for an appeal except that of the one witness mentioned.

It was not until February 10, 1953, that counsel again wrote the court reporter, referring to his former notice, and then advised her that his clients had made satisfactory appeal bond and requested her to proceed to complete the transcribing of her stenographic notes in the case in connection with the appeal thereof to this Court. In other words, under the previous decisions of this Court the appellants did not comply with Section 1640, Code of 1942, since the notice given by appellants' counsel on August 12, 1952, was insufficient to require of the court reporter, by notice given within ten days

of the adjournment of the term of court, the transcription of all of the testimony taken by her at the trial of the case.

■■■ The motion of the appellee Roland S. Bond to strike from the appeal record the court reporter's transcript of the testimony must therefore be sustained; and for the reasons hereinbefore stated, the decree appealed from must be affirmed.

The motion to strike the stenographic notes is sustained, and the cause is affirmed on the merits.

*Lee, Arrington, Ethridge* and *Gillespie, JJ.,* concur.