RUIZ *v.* RUIZ

No. 40726 March 24, 1958 101 So. 2d 533

*E. J. Ford, Jr.*, Gulfport, for appellant.

*Eaton, Cottrell & Galloway,* Gulfport, for appellee.

McGEHEE, C. J.

On September 23, 1957, the transcript of the stenographic notes taken in the trial court was stricken from the record on motion of the appellee Sally Bradford Ruiz on account of the failure of the appellant to give the notice to the court reporter to transcribe the stenographic notes of the testimony, as required by Section

1640, Code of 1942, and the transcript of the testimony is therefore no part of the record now before us.

The giving of the notice to the court reporter to transcribe the stenographic notes within the specified period of 10 days has been repeatedly held to be jurisdictional; and unless this requirement is complied with the transcript is not to be considered on appeal to this Court. Shaw v. Bula Cannon Shops, Inc., 205 Miss. 458, 38 So. 2d 916; American Creosote Works, Inc. v. Rose Bros., Inc., 211 Miss. 173, 51 So. 2d 220; Ivy v. Robertson, 220 Miss. 364, 70 So. 2d 862; and authorities there cited; and R. Q. Ashe v. Gus Ballard, 223 Miss. 397, 78 So. 2d 476.

The two grounds of alleged error assigned by the appellant Donald Burlage Ruiz are that the action of the chancery court in overruling the defendant's plea to the jurisdiction of the divorce suit brought by the appellee against the appellant, in Harrison County, Mississippi, where the parties were married and where it is alleged in the bill of complaint filed by the appellee that she "has resided in Harrison County, Mississippi, for a period of more than one year next preceding the date of the filing of this bill of complaint," and that the defendant "is temporarily residing in Forrest County, Mississippi, where he is a student attending Mississippi Southern College * * *". He was served with process in Forrest County and appeared in the Chancery Court of Harrison County by filing a motion for a bill of particulars in said court as to the facts and circumstances relied upon by the complainant for a divorce.

The order of the trial court in overruling the plea of the defendant to the jurisdiction of the court in said cause, recites among other things that the court had heard the matter on the defendant's plea to the jurisdiction and answer to said plea and "together with oral and documentary evidence * * * ."

The appellant also assigns as error the failure of the trial court to dismiss the bill for divorce on the

ground that the complainant Sally Bradford Ruiz was only 20 years and 9 months of age at the time she filed the bill of complaint in her own name, instead of by a guardian ad litem or a next friend. This point was not raised by the proceedings in the trial court, and it is contended by the appellee, and not disputed by the appellant in the briefs that the point was raised for the first time during the oral argument on the plea to the jurisdiction of the court.

 ██ There is no rule of law or pleading that requires a complainant to allege that he or she is an adult. If the defense of infancy at the time of the bringing of the suit is raised by the defendant, then the complaint should be amended so as to show that the complainant is suing by a guardian ad litem or next friend, where the defense of infancy is well taken. But it is well settled that it is not an absolute prerequisite to jurisdiction of an action by an infant that he or she should sue by a guardian ad litem or next friend, and the suit or action is not void on that ground alone, it merely affects the regularity of the proceeding and the defect is amendable and the judgment or decree taken therein is not void. 43 C. J. S., Infants, Section 108, page 281. At page 282 of the same text, under the heading "Ratification", it is said: "If the judgment is considered merely voidable but not void, it may be affirmed by the infant, and it will be considered as affirmed by him if he takes any action in reference thereto after he becomes of age, which is consistent only with assuming its validity." And see sub-sections (c) and (d) thereof as to the manner of raising objection and the waiver or loss or right to object, respectively.

In Griffith's Miss. Chancery Practice, 2d Ed., page 122, it is said: "* * * although an infant may have sued without a next friend, and the fact of the infancy is made to appear by plea or otherwise during the progress of the suit the bill will not be for that reason dismissed, but the court will allow a next friend to become

a party and will thereupon proceed with the case." Citing Gully v. Dunlap, 24 Miss. 413-4; Sam v. Allen, 152 Miss. 572, 120 So. 568.

■■ ■ In the absence of the transcript of the testimony which was produced on the hearing of the plea to the jurisdiction of the court, we must conclude that the recital in the order overruling the said plea that the same had been heard and considered on "oral and documentary evidence" will preclude us from doing otherwise than affirming the action of the chancellor in overruling the plea to the jurisdiction. We are without the benefit of the transcript for determining just what oral and documentary evidence he heard and considered in arriving at his decision to overrule the plea to the jurisdiction of his court in the cause.

The defendant applied for and obtained an interlocutory appeal from the order overruling the plea to the jurisdiction of the court, and the appeal was granted with supersedeas under a bond of $1,000. A motion to dismiss the appeal here was filed on behalf of the appellee on October 2, 1957, but the same was passed for consideration until the hearing of the cause on its merits, the ground of the motion to dismiss being that since the transcript of the testimony has been stricken from the record on appeal there remains no basis or record upon which the interlocutory appeal can be heard and the action of the chancellor reversed. But we think that the motion to dismiss the interlocutory appeal should be overruled, and that the action of the trial court in overruling the plea to the jurisdiction of the cause should be affirmed.

The cause is therefore affirmed on the interlocutory appeal, and the case is remanded for further proceedings as to the right of the complainant to a divorce, custody of the child, alimony, etc.

Affirmed and remanded.

*Lee, Arrington, Ethridge* and *Gillespie, JJ.,* concur.