SWARTZ CADILLAC COMPANY *v.* BROWN, et al.

No. 41814          September 26, 1960          123 So. 2d 221

*Stone & Schweizer,* Columbus; *Bregel & Bregel,* Baltimore, Md., for appellant.

*Burgin & Gholson,* Columbus, for appellees.

ETHRIDGE, J.

## ON PETITIONS FOR WRITS OF MANDAMUS AND CERTIORARI

Appellee Brown Buick Company obtained a judgment against appellant Swartz Cadillac Company in the Circuit Court of Lowndes County, with that term of court ending on August 13, 1960. The statutory period for giving notice to the court reported expired on August 23. Miss. Code 1942, Recomp., Sec. 1640. Appellant was represented by local counsel and also by counsel at its domicile in Maryland. On August 22 appellant's Maryland counsel wrote its Mississippi counsel to take an appeal from the judgment, but this letter, although properly addressed to Columbus, Mississippi, was improperly sent by the United States mail to Columbia, Mississippi, and did not reach the addressee, local counsel, until August 26, after the 10 day period had expired for giving notice to the court reporters to transcribe his notes. Prior correspondence had taken no more than one day.

Under these circumstances, appellant filed a petition asking a writ of mandamus to compel the court reporter to transcribe and send up on appeal his notes of the testimony. It is contended that the failure to give notice in time was not the fault of appellant, and this Court should in fairness grant the relief. ▮▮ ▮ However, it has long since been settled that the giving of the notice. to the court reporter is jurisdictional. If such notice is not given within the 10 day period, the reporter's transcript cannot be considered on appeal. Ruiz v. Ruiz, 101 So. 2d 533 (Miss. 1958). ▮▮ ▮ Certiorari does not lie to bring up a transcript under a void notice. Dunn v. Green, 124 Miss. 602, 86 So. 852 (1921); see also McGee v. State, 203 Miss. 609, 35 So. 2d 628 (1948). Hence under the established rule in this respect the petition for writ of mandamus must be denied. Moreover, ap-

pellant did not attempt to give the notice to the court reporter until September 1.

Appellant filed a proper appeal bond within 90 days. It filed herein a petition for writ of certiorari, to direct the circuit clerk to send up to this Court the pleadings, orders, and other papers in this case, aside from the court reporter's transcript. Attached to the petition for writ of certiorari are copies of all of these documents certified to by the circuit clerk, plus the original appeal bond and the clerk's cost bill. Since the circuit clerk has already sent to the clerk of this Court all of the documents in his file, under his certificate, it would be a useless duplication to issue the writ of certiorari to require him to send duplicate copies of these documents. A written petition for appeal is not necessary. Code Sec. 1160. A party may appeal without a transcript of the evidence. Code Sec. 1191.5. Since appellant has made a timely and adequate appeal bond, and these documents have already been sent to this Court under the clerk's certificate, the petition for writ of certiorari is denied, because duplicate copies of them are not necessary.

The record now in this Court may be considered as the record on appeal, but appellant must file a proper assignment of errors, in compliance with Supreme Court Rule 6.

Petitions for writs of mandamus and certiorari denied.

*Hall, P.J.,* and *Holmes, Gillespie* and *McElroy, JJ.,* concur.