LEONARD, et al. *v.* SULLIVAN

No. 42699          February 10, 1964          160 So. 2d 213

June 3, 1963                    154 So. 2d 109

*Herring & McCoy,* Meadville, for appellants.

*J. Gordon Roach,* McComb, for appellee.

BRADY, TOM P., J.

The inception of this cause was a declaration filed in the Circuit Court of Franklin County to recover damages for the wrongful cutting of sixteen trees alleged to have been on land owned by appellant. Title to the strip of land involved being in dispute, the case was properly transferred to the Chancery Court of said county.

Numerous pleadings were filed in the Chancery Court, issues were joined, and voluminous testimony introduced in this hard-fought case. A decree was entered in favor of appellee and he was taxed with costs. After an appeal was perfected, an order was entered by this Court striking the court reporter's notes because appellant had failed to give within the requisite time the statutory notice to the court reporter to transcribe her notes.

Therefore, this cause is before us only on the pleadings and the decree of said Chancery Court. The errors assigned which relate to the testimony and evidence cannot be considered for the reason there are no evidentiary matters before us for consideration. Miss. State Highway Dept. v. Meador, 184 Miss. 381, 185 So. 816; Ruiz v. Ruiz, 233 Miss. 192, 101 So. 2d 533; Shaw v. Bula Cannon Shops, Inc., 205 Miss. 458, 38 So. 2d 916;

American Creosote Works, Inc. v. Rose Bros., Inc., 211 Miss. 173, 51 So. 2d 220; Ivy v. Robertson, 220 Miss. 364, 70 So. 2d 862, and authorities there cited; Ashe v. Ballard, 223 Miss. 397, 78 So. 2d 476.

The issue properly before this Court is: Does the decree entered herein properly conform to and not exceed the limitations of the pleadings?

██ ██ A careful study of all the pleadings, and the issues joined therein, together with the decree which was entered by the chancellor in this cause, convinces us that there are no errors in the decree and no reversible errors of record in this cause. The decree is definite and correctly conforms to the pleadings and prayer of the appellee's answer and cross bill, therefore, this Court affirms the findings of the chancellor in the court below. This is in compliance with our long established rule of not disturbing the findings of a chancellor unless manifestly wrong. The abundance of cases on this point eliminates the necessity for the citation of any authority.

Affirmed.

*Lee, C. J., and Ethridge, McElroy and Rodgers, JJ.,* concur.

## ON MOTIONS

JONES, J.

This case is before us on two motions. The first motion is to revive on account of the death of the appellee. This motion is uncontested and is sustained.

The second motion is to strike the stenographer's notes and dismiss the appeal because notice to the stenographer was not given within the time required by law. ██ ██ The striking of the stenographer's notes does not require the dismissal of the appeal, and, therefore, the motion, insofar as requesting a dismissal of the appeal is concerned, is overruled.

As to the motion to strike the stenographer's transcript: Final decree herein was entered in term time on

June 10, 1961, and the term adjourned on June 10, 1961. There was no attempt to give notice to the stenographer until June 27, 1961, when a notice was directed to him and filed in the office of the clerk on June 28.

Section 1640, Miss. Code of 1942, requires such notice to be given within ten days after the adjournment of court. A motion for a new trial seems to have been filed on June 28, 1961, and to have been overruled on the same day. Regardless of whether a motion for a new trial filed in vacation could be entertained, during the ten days immediately following the adjournment of court, there was nothing pending before the court and there was no attempt of any sort to give notice.

We are bound by what the records show us.

■■ The appeal record, or record of the lower court, imports verity. It is argued that the decree was not actually signed on June 10, and was not recorded on that date. However, this is simply argued in the brief and cannot prevail against the record itself.

■■ We have held under Sec. 1640, Miss. Code of 1942, it is necessary that such notice be given within ten days after the adjournment of court; otherwise the stenographer's notes will be stricken. We have also held that where an effort was made in good faith within the ten days to give notice, that the notes would not be stricken. Fishermen and Allied Workers, et al. v. Quaker Oats Co., Inc., 235 Miss. 401, 106 So. 2d 144, 109 So. 2d 321; Sasser v. Sasser, 148 So. 2d 668.

As stated, the record here shows no effort was made to give any notice within the ten days, therefore, we can do nothing except sustain the motion to strike the stenographer's transcript.

Motion to revive sustained; motion to dismiss appeal overruled: motion to strike stenographer's notes sustained.

*McGehee, C. J., and Gillespie, McElroy and Rodgers, JJ.,* concur.