Mississippi State Highway Commission *v.* Brown, et al.

No. 43205 April 6, 1964 162 So. 2d 508

*D. M. Graham, Jr., White & Martin,* Gulfport, for appellant.

*Owen Palmer,* Gulfport; *Jack Parsons,* Wiggins, for appellees.

RODGERS, J.

## ON MOTION TO DISMISS APPEAL.

RODGERS, J.:

V. E. Brown and H. L. Lott, defendants in an eminent domain proceeding instituted to obtain property for use

in the relocation of U. S. Highway No. 49, in Stone County, Mississippi, filed a motion to "strike the notice of appeal" given by the attorney for the appellant. It is alleged in the motion that notice to the court stenographer, Mrs. M. L. Tootle, was not given within the time required by law; that the Circuit Court of Stone County adjourned on November 2, 1963, and that the notice to the court reporter was not given until November 13 or 14, 1963, which was more than ten days, after the court had adjourned. It is alleged that the notice was left on the desk of the court reporter and was not marked "filed." The motion further alleges that a written notice of appeal was filed on November 16, 1963, with the Clerk of the Circuit Court of Stone County, giving notice of an appeal to this Court, wherein it is alleged that notice had been given to the stenographer. This notice requested that a record be made up, and stated that the highway department was not required to file an appeal bond, because it is a branch of the state government. The movants attached an affidavit signed by Mrs. M. L. Tootle, court reporter, in which she said the notice to make up the record was not mailed to her, but was left on her desk at the county courthouse. She did not receive it until she returned to her desk after a visit to her husband in the hospital. A certified copy of the notice to the court reporter, has now been mailed to the Clerk of this Court. There is no record to show that this notice was filed with the circuit clerk, nor is it a part of the record on appeal.

The attorneys for the Mississippi State Highway Commission have filed an answer to the motion in which it is said that one of the attorneys for the appellant gave written notice "as is shown by copy of said notice filed in said matter." It is alleged that notice was made by one of the attorneys for the plaintiff "by delivery of said notice and placing same in plain view on the official desk of the official office of said court stenographer."

It is also alleged that the notice was dated November 11, 1963.

■■ ■ The Mississippi State Highway Commission has ninety days to prepare an appeal to the Supreme Court, the same time other litigants are permitted to appeal. Section 753, Miss. Code 1942, Rec. A written petition for an appeal is not necessary, and in cases in which a bond is not required the appeal is considered to have been taken at the time of filing the transcript of the record in the office of the Clerk of the Supreme Court. Section 1160, Code 1942, Rec. Although the petition for an appeal in the instant case is not in the form suggested by §1155, Miss. Code 1942, Rec., it, nevertheless, gave notice of an appeal by the appellant, Mississippi State Highway Commission, to this Court and such an appeal was made without an appeal bond. Section 1210, Miss. Code 1942, Rec.

We are of the opinion that the appeal from the judgment against the Mississippi State Highway Commission was perfected within the ninety days permitted by law, and the motion to dismiss it should therefore be overruled.

■■ ■ On the other hand, we cannot overlook the facts set out in the motion, and we are of the opinion the information therein contained is sufficient to challenge the timely notice alleged to have been given to the court reporter.

The pertinent parts of §1640, Miss. Code 1942, Rec., as amended by Chap. 305, Laws of 1962, are as follows: "1 (a). In all cases in which the trial is noted by the official court reporter, any person desiring to appeal the case shall notify the court reporter in writing within ten (10) days after the adjournment of court of the fact that a copy of the notes is desired. The notice must be handed to the court reporter personally or mailed to him at his usual place of abode. In either case, the attorney making the request shall file with

the clerk of the court a copy of the notice, with a statement of how the notice was served, and a copy thereof shall in like manner be served upon appellee's attorney, and the said notice shall designate the portions of the record, proceedings, testimony and evidence to be contained in the record of appeal."

 The record in the instant case does not disclose that the notice was given within the ten days after adjournment of the court by being personally handed to the court reporter, nor was it mailed to her, at her usual place of abode. Moreover, the required proof was not filed with the clerk of the circuit court.

We have repeatedly held that the giving of notice to the court reporter to transcribe the stenographic notes within the specified period of ten days is jurisdictional and unless this requirement is complied with the transcript will not be considered on appeal to this Court. See authorities cited by this Court in the case of Ruiz v. Ruiz, 233 Miss. 192, 101 So. 2d 533.

The court reporter's stenographic notes in this case will, therefore, be stricken from the files and returned to the Clerk of this Court, and will not be considered on a hearing of this case on appeal. But the motion to dismiss the appeal will be overruled.

Motion to dismiss appeal overruled, and motion to strike stenographic notes sustained.

*Kyle, P. J., and Gillespie, McElroy and Brady, JJ.,* concur.