PATTERSON, Justice.
This is an appeal in an eminent domain proceeding. The Circuit Court of Warren County dismissed the landowners’ appeal from a judgment of the County Court as not being timely perfected.
The facts before the circuit court were stipulated as follows:
In the County Court of Warren County, Mississippi in cause styled Mississippi State Highway Commission, Petitioner vs. Louis Garrett, et al, Defendants, bearing number 1761-A on the docket of said Court, Judgment was rendered on September 20, 1968 awarding Defendants Twenty-Five Thousand Dollars ($25,000.00) for the taking of 16.8 acres of their property by the Mississippi State Highway Commission in an eminent domain proceeding; that the Defendants timely filed a Motion to Set Aside Judgment and Jury Verdict rendered September 20, 1968 and to grant unto Defendants another trial; this Motion, .which came *857 on for hearing on September 27, 1968, was overruled on September 27, 1968 and was entered on the minutes of the County Court on said date; that on the 1st day of October, 1968 notice to the County Court Reporter was given requesting her notes of the subject trial in anticipation of taking an appeal to the Circuit Court; that on Wednesday, October 9, 1968 an appeal bond was approved and filed in said cause.
It is further stipulated that no extension of time was requested by the Appellant, nor was said extension granted by the County Judge in this cause.
The judgment became final on the day the motion for a new trial was overruled, September 27, 1968. Edwards v. Peresich, 221 Miss. 788, 74 So.2d 844 (1954). The appeal bond was not perfected until October 9, 1968, twelve days thereafter.
The issue before the circuit court was whether the appeal bond should have been made within ten days from the final judgment as provided for by Mississippi Code 1942 Annotated section 1616 (Supp.1968), relating to county courts, or whether it comes within the twenty day appeal provision afforded by Mississippi Code 1942 Annotated section 2766 (1956), relating to eminent domain.
In Mississippi State Highway Department v. Haines, 162 Miss. 216, 139 So. 168 (1932), we held in construing certain provisions of Mississippi Code of 1930 section 1497 (eminent domain), and Mississippi Code of 1930 section 704, the county court), that all appeals from the county court to the circuit court, including eminent domain proceedings, must be taken within ten days from the date of the entry of the final judgment or such extended time as the county judge may grant.
Thereafter, these sections in their pertinent parts were readopted in Mississippi Code 1942 Annotated section 1616 (Supp. 1968) (the county court), and Mississippi Code 1942 Annotated section 2766 (1956) (eminent domain).
In accord with familiar rules of construction, the legislature by reenactment of a statute which has been construed by the highest court of a state, adopts the construction placed upon the statute by the court. White v. Williams, 159 Miss. 732, 132 So. 573, 76 A.L.R. 757 (1931).
We are of the opinion that the appeal from the county court to the circuit court was not perfected within the ten days required by statute. The judgment of the circuit court in dismissing the appeal is therefore affirmed.
Affirmed.
ETHRIDGE, C. J., and RODGERS, BRADY, and SMITH, JJ., concur.