*560 ON MOTION TO STRIKE TRANSCRIPT AND TO DISMISS APPEAL
RODGERS, Justice.
The appellee, A. G. Corporation, has filed a motion to strike the transcript of the record and to dismiss the appeal of appellants, Southern Christian Leadership Conference, and others, in the foregoing cause of action, for the following reasons:
(1) The appellants did not follow the statutory procedure for an appeal and did not give notice to the court reporter to transcribe the testimony and to designate the contents of the record for appeal as required by Sections 1228 and 1640(b), Mississippi Code 1942 Annotated (Supp.1968), within the time required by law.
(2) The appellants did not perfect their appeal by posting bond or prepaying the cost of the transcript and depositing a bond for one hundred dollars ($100), or depositing that sum with the clerk in addition to the payment for the transcript.
The record reveals, and it is undenied, that A. G. Corporation filed a suit in the Chancery Court of Grenada County on September 28, 1966, in which the complainant sought an injunction against certain local and non-resident defendants and also sought damages for alleged injury growing out of an unlawful secondary boycott carried out in an unlawful manner. After a long trial the chancellor entered a decree in the Chancery Court of Grenada County, Mississippi, in favor of the complainant against persons and corporations named therein and granted a monetary judgment in favor of the complainant, A. G. Corporation. The decree was dated April 23, 1969, and was duly recorded in the office of the Chancery Clerk of Grenada County on April 24, 1969. On May 24, 1969, the defendants filed a petition for an appeal to the Supreme Court of Mississippi “with su-persedeas.” Thereafter, on May 31, defendants filed a similar petition but did not request an appeal “with supersedeas.” A letter was filed with the Chancery Clerk withdrawing the previous petition filed requesting an appeal. The petitioner included a check for the sum of one hundred dollars ($100). Thereafter, on June 12, 1969, the check was returned with a request to substitute a proper deposit. The defendants were then notified that in order to perfect an appeal it was necessary to prepay the transcript of the record. The clerk, however, certified that a check for one hundred dollars ($100) was deposited by defendants on the 10th day of July, 1969. The record reveals that there was then due the court reporter the sum of two thousand eighty-eight dollars and fifty cents ($2,088.50); that there was due to the chancery clerk the sum of one hundred sixty-one dollars ($161) or the total sum of two thousand two hundred forty-nine dollars and fifty cents ($2,249.50).
The appellee alleges, and the appellants do not deny, the statement that “no written notice whatsoever was given to the court reporter by the appellants in this case.”
The record shows that the first notice of an appeal was contained in the first petition for an appeal filed with the chancery court on May 24, 1969. This was thirty (30) days after the rendition of the decree by the chancellor.
The applicable parts of Section 1640, Mississippi Code 1942 Annotated (Supp. 1968) are as follows:
“1. (a) In all cases in which the trial is noted by the official court reporter, any person desiring to appeal the case shall notify the court reporter in writing within ten (10) days after the adjournment of court of the fact that a copy of the notes is desired. The notice must be handed to the court reporter personally or mailed to him at his usual place of abode. In either case the attorney making the request shall file with the clerk of the court a copy of the notice, with a statement of how the notice was served, and a copy thereof shall in like manner be served upon appellee’s attorney and *561 the said notice shall designate the portions of the record, proceedings, testimony and evidence to be contained in the record of appeal.
a * * He
“(c) The appellant and appellee shall state in their respective designation that part of the clerk’s record and reporter’s transcript of the testimony and evidence they desire to be transcribed and included in the record and that part that might be omitted altogether.
“(d) All pleading, process, and testimony of witnesses, not essential to the decision of the questions presented by the appeal shall be omitted, unless specified to be included in the notices and designations aforesaid.”
This Court has consistently held for many years that unless written notice is given to the court reporter to transcribe the notes taken at the trial within the time allowed by Section 1640, Mississippi Code 1942 Annotated (Supp.1968) that the notes will be stricken from the record on appeal upon the application of an adverse party. Ashe v. Ballard, 223 Miss. 397, 78 So.2d 476 (1955); Rees v. Rees, 188 Miss. 256, 193 So. 334, 194 So. 750 (1940); McGee v. State, 203 Miss. 609, 35 So.2d 628 (1948); Drew v. Caston, 162 Miss. 851, 132 So. 736 (1931); Mayflower Mills v. Breeland, 168 Miss. 207, 149 So. 787 (1933); Dunn v. Green, 124 Miss. 602, 86 So. 852 (1920); Brown v. Thomas, 230 Miss. 308, 92 So.2d 878 (1957) ; Leonard v. Sullivan, 248 Miss. 442, 154 So.2d 109, 160 So.2d 213 (1964); In re Simpson, 199 So.2d 833 (Miss.1967); Mississippi State Highway Commission v. Brown, 250 Miss. 773, 162 So.2d 508 (1964); Bryant v. Associates Discount Corporation, 251 Miss. 1, 167 So.2d 657 (1964) ; Ruiz v. Ruiz, 233 Miss. 192, 101 So.2d 533 (1958); Tullos v. Board of Supervisors of Simpson County, 124 Miss. 121, 86 So. 358 (1920).
The chancellor’s opinion clearly shows that the court reporter’s notes were transcribed by the court reporter for the use of the chancellor and that the parties agreed to divide the cost. The record further shows that one-half (i^) of this sum was paid but that there was still due to the court reporter one-half (1/2) of the cost of the transcript.
In the case of Cooper v. Martin, 102 So. 851 (Miss.1925), this Court held that, where the transcript of the trial record was made and used by the chancellor in a case under similar circumstances, the acts of the attorneys were “tantamount to an agreement between the parties that the transcribed notes should become a part of the record in this cause for the purposes of appeal.”
We hold, therefore, that the first part of the motion to strike and dismiss is not well taken and should be overruled.
We are of the opinion that the second part of the motion should be sustained, and the action dismissed, unless within thirty (30) days from the date of this opinion the appellants comply with the statutory requirements and pay the balance due on the cost of the transcript as provided by Section 1162, Mississippi Code 1942 Annotated (1956). If, however, proper receipt for the full cost of transcript is filed with the Clerk of this Court within thirty (30) days, the appeal will go forward; otherwise, the motion to dismiss the appeal will be sustained. See Walters v. Fine, 232 Miss. 494, 95 So.2d 229, 99 So.2d 669 (1958).
Appeal dismissed unless transcript prepaid within thirty (30) days from this date.
All Justices concur.