GILLESPIE, Chief Justice:
This eminent domain case originated in the County Court of Jackson County. From the judgment of the that court the Landowners appealed to the circuit court where a new trial was granted. From the judgment of the circuit court the Mississippi State Highway Commission appealed to this Court. We reverse and reinstate the judgment of the county court.
Mississippi State Highway Commission (Commission) filed in the County Court of Jackson County a petition to condemn for highway purposes a tract of land belonging to Sam Presley and others (Landowners). The county court jury assessed damages at $7,335. Landowners appealed to the circuit court where a new trial was ordered and the case was tried de novo, resulting in a verdict in favor of Landowners for $16,000. The Commission then perfected an appeal to this Court.
In appealing from the county court to the circuit court, Landowners filed a proper bond but failed to give notice to the court reporter as required by Mississippi Code 1942 Annotated section 1640 (1956). Notwithstanding the fact that no notice was given to the court reporter, the record filed in the circuit court included the court reporter’s transcript of the testimony. Commission filed in the circuit court a motion to docket and dismiss the case on the ground that Landowners failed to give notice to the court reporter. The circuit court failed to dismiss the case but entered an order reciting that after studying the briefs the Landowners should be granted a new trial. After trial de novo in the circuit court the jury assessed damages in the amount of $16,000 and judgment was entered accordingly.
The circuit court ought to have stricken the transcript of the testimony because of the failure of Landowners to comply with Mississippi Code 1942 Annotated section 1640 (1956), but correctly overruled the motion to dismiss the appeal. Mississippi State Highway Comm. v. Brown, 250 Miss. 773, 162 So.2d 508 (1964).
The circuit court erred in reversing the judgment of the county court for two reasons:
(1) No assignment of error was filed in the circuit court, therefore, there was no basis for the reversal of the county court judgment. Absent assignment of error, the circuit court could not consider any non-jurisdictional question. Cf. Mississippi State Highway Comm. v. Cook, 270 So.2d 695 (Miss.1972).
(2) The circuit court could not consider the evidence because the transcript was not properly before it. Mississippi State Highway Comm. v. Brown, supra. No error appears in the county court pleadings, jury instructions, or judgment — the only parts of the record properly before the circuit court. Moreover, Landowners do not point out any error in the county court proceedings. Nor did the circuit court order reversing the judgment of the county court recite any reason for the reversal. Absent reversible error, the judgment of the county court should not have been reversed by the circuit *140 court, and it was error to grant a new trial.
Accordingly, the judgment of the circuit court is reversed and the judgment of the county court is reinstated.
Reversed and judgment of county court reinstated.
PATTERSON, SMITH, SUGG and BROOM, JJ., concur.