ROBERTSON, Justice:
Appellant, Walter L. Small, Jr., a candidate for Justice of the Peace, District 1, Madison County, Mississippi, brought suit against Mildred Thompson, L. F. Campbell, Circuit Clerk of Madison County, and the five members of the Madison County Board of Election Commissioners in the Circuit Court of Madison County, contesting the election of Mildred Thompson, as Justice of the -Peace, District 1, Madison County.
The general demurrer of L. F. Campbell was sustained; and Campbell, individually, as registrar of voters in Madison County and as Circuit Clerk, was dismissed as a defendant.
Just before Small rested his case, he moved to dismiss as to the five election commissioners, and, no objection being interposed by Thompson, the motion was sustained and the five election commissioners were dismissed as defendants.
At the close of the plaintiff-appellant’s case, appellee Thompson moved for a directed verdict; the court sustained her motion and entered judgment for the defendant-appellee on March 29, 1972.
On December 29, 1972, appellee Thompson filed in this court a motion to strike the transcript because: (1) No notice to the court reporter to transcribe her notes was in the record; (2) No copy of the notice to the court reporter, with a statement of how it was served, was filed with the Circuit Clerk; and (3) No copy of the notice to the court reporter was served upon appellee’s attorney. The motion to strike the transcript was sustained by this Court on January 18, 1973.
The only assignment of error was the action of the trial court in sustaining Defendant Thompson’s motion for a directed verdict.
Section 1640, Mississippi Code 1942 Annotated (Supp. 1972), provides in part:
“(a) In all cases in which the trial is noted by the official court reporter, any person desiring to appeal the case shall notify the court reporter in writing within ten (10) days after adjournment of court of the fact that a copy of the notes is desired. The notice must he handed to the court reporter personally or mailed to him at his usual place of abode. In either case, the attorney making the request shall file with the clerk of the court a copy of the notice with a statement of hozv the notice was served, and a copy thereof shall in like manner be served upon appellee’s attorney, and the said notice shall designate the portions of the record, proceedings, testimony and evidence to be contained in the record of appeal.” (Emphasis added).
Appended to the back cover of volume 2 of the record was this instrument:
NOTICE OF APPEAL
To: Mr. L. F. Campbell
Circuit Clerk
Courthouse
Canton, Mississippi
Please take notice that Walter L. Small, Jr. hereby appeals to the Mississippi Supreme Court the judgment rendered in this cause on March 29, 1972, and requests that you prepare the record in said cause and transmit same to the Supreme Court.
This 20th day of April, 1972.
Walter L. Small, Jr.
By: /s/ John A. Nichols JOHN A. NICHOLS His Attorney
This so-called notice was marked “Filed” by the Circuit Clerk on April 23, 1972.
In Ruiz v. Ruiz, 233 Miss. 192, 101 So.2d 533 (1958), this Court said:
“On September 23, 1957, the transcript of the stenographic notes taken in the *162 trial court was stricken from the record on motion of the appellee Sally Bradford Ruiz on account of the failure of the appellant to give the notice to the court reporter to transcribe the stenographic notes of the testimony, as required by Section 1640, Code of 1942, and the transcript of the testimony is therefore no part of the record now before us.
“The giving of the notice to the court reporter to transcribe the stenographic notes within the specified period of 10 days has been repeatedly held to be jurisdictional; and unless this requirement is complied with the transcript is not to be considered on appeal to this Court. Shaw v. Bula Cannon Shops, Inc., 205 Miss. 458, 38 So.2d 916; American Creosote Works, Inc. v. Rose Bros., Inc., 211 Miss. 173, 51 So.2d 220; Ivy v. Robertson, 220 Miss. 364, 70 So.2d 862, and authorities there cited; and Ashe v. Ballard, 223 Miss. 397, 78 So.2d 476.” (Emphasis added). 233 Miss, at 194 — 195, 101 So.2d at 533.
A later, case on this point is First National Bank of Vicksburg v. Cutrer, 190 So.2d 883 (Miss.1966).
The written notice mandatorily required by Section 1640 to be given “within ten (10) days after adjournment of court of the fact that a copy of the notes is desired” is the notice to the court reporter. There is no notice to the court reporter in the record. The only so-called notice was to the circuit clerk, and even that notice was filed with the clerk on April 23, 1972, more than 10 days after adjournment of court.
Inasmuch as we cannot consider the transcript of the evidence, Ruiz, supra, we are limited to a consideration of the pleadings and the judgment of the court, which are a proper part of the record. The Answer of Defendant Thompson specifically denies the pertinent allegations of the declaration and, therefore, the only course open to this Court is to affirm the judgment of the lower court.
Affirmed.
RODGERS, P. J., and SMITH, SUGG and BROOM, JJ., concur.